## Dugald A. McMillan

*v.*

## Sebastian S. Lovejoy.

*Filed at Ottawa January 25, 1886.*

1. Foreign judgment—*transcript as evidence, without placita.* A transcript of a judgment of a sister State, when properly certified under the act of Congress, is admissible in evidence in an action upon such judgment, although it shows no *placita*.

2. Same—*subject to what defence.* Under the act of Congress, where a transcript of a judgment of a sister State, duly certified, is offered in evidence, no questions are open to inquiry except those of jurisdiction.

3. Judgment—*defects in form, as affecting its conclusive effect.* In a collateral proceeding, as, a suit upon a judgment or decree, when the transcript shows it to be the adjudication of a court or judge having jurisdiction over the parties and subject matter, the judgment or decree, however defective in form, is conclusive upon the parties.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Stephenson county; the Hon. William Brown, Judge, presiding.

This is a suit in debt, brought in the circuit court of Stephenson county, upon a judgment rendered in the circuit court of Rock county, in the State of Wisconsin. The declaration is in the usual form, the pleas are *nul tiel record* and release. The case was tried by the court and a jury, and resulted in a verdict and judgment against the appellant, defendant below, for $1577.54 debt, and $111.34, damages. The following is a copy of the transcript:

"STATE OF WISCONSIN, ⎫
*Circuit Court Rock County.* ⎬
      *Sebastian S. Lovejoy, Plt'ff,* v. *D. A. McMillan, Def't.*

"The summons in this action having been duly and personally served upon the said defendant, D. A. McMillan, on the 28th day of February, A. D. 1883, as appears by the return of the sheriff of Rock county, aforesaid, on file in this court, and the summons and complaint in this action having been duly filed in the office of the clerk of this court on the 13th day of March, A. D. 1883, and more than twenty days having elapsed since the time of the service of said summons upon the said defendant, and it duly appearing by the affidavit of J. J. R. Pease, one of the attorneys for the plaintiff herein, that no answer nor demurrer to the said complaint, and no notice of appearance in this action, nor demand for a copy of the said complaint has been served upon the plaintiff's attorneys or received at the address mentioned in said summons, and it so satisfactorily appearing to the court by evidence produced and proofs made in open court, the court finds that all of the allegations in the said complaint contained are true.

"Now, therefore, on motion of Pease & Ruger, attorneys for said plaintiff, it is ordered and adjudged that the note described and set forth in the complaint in this action be reformed so that the date thereof shall be September 12, 1877, instead of September 12, 1878, and that the said plaintiff, Sebastian S. Lovejoy, do have and recover of and from

D. A. McMillan, the defendant, the sum of $1555 damages, together with $22.54 for costs and disbursements, amounting in the aggregate to the sum of $1577.54.

"Dated the 31st day of March, A. D. 1883.

"By the court.

JOHN R. BENNETT, *Presiding Judge.*"

Mr. J. A. CRAIN, for the appellant:

The want of a *placita* in the so-called transcript of judgment offered in evidence, was and is a fatal defect, and there was no proof of a judgment. *Planing Mill Co.* v. *Chicago,* 56 Ill. 305; *Rich* v. *Chicago,* 59 id. 298; *Dukes* v. *Rowley,* 24 id. 220.

Mr. M. STOSKOPF, for the appellee:

If the copy produced purports to be a record, and not a mere transcript of minutes from the docket, and the clerk certifies that it is truly taken from the record, and his attestation is certified to be in due form of law by the presiding judge, it will be presumed that the paper is a full copy of the entire record, and will be sufficient. 1 Greenleaf on Evidence, secs. 504, 505.

The transcript shows that the judge was acting as a court as fully and completely as would a formal *placita.* The only office of a *placita* is merely to show the judge that is holding the court. *Hall* v. *Hamilton,* 74 Ill. 443.

The act of Congress in relation to authentication of records, U. S. Rev. Stat. 1873-4, (ed. 1878,) title 13, chap. 17, also found in Hurd's Stat. page 84.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question, here, is whether, in an action upon a judgment of a sister State, it is a valid objection to the transcript of the judgment certified in conformity with the act of Congress, when offered in evidence, that it shows no *placita.*

We think it is very clear that it is not. The decisions in this court holding that the transcript of a judgment or decree must show a *placita*, were all in direct proceedings to reverse the judgment or decree. But the rule is general, in a collateral proceeding, however defective in form may be the judgment or decree, if the transcript show that it is the adjudication of a court or judge having jurisdiction over the parties and the subject matter, it will be held conclusive. *Phillips et al.* v. *Webster et al.* 85 Ill. 146; *Cooper* v. *Reynolds,* 10 Wall. 309; *Gunn* v. *Plant,* 94 U. S. (4 Otto,) 664. Moreover, in what language a judgment or decree shall be entered up, depends upon the law relating to the practice of the courts in the State where it is rendered; and under the act of Congress, when a transcript duly certified is offered in evidence in another State, no questions are open to inquiry except those of jurisdiction. *Bimeler* v. *Dawson,* 4 Scam. 537; *McJilton* v. *Love,* 13 Ill. 492; *Ducommun* v. *Hysinger et al.* 14 id. 249; *Zepp* v. *Hager,* 70 id. 223. The transcript here read in evidence is of what purports to be the record of the circuit court of Rock county, in the State of Wisconsin, in a case wherein judgment is rendered by the court for the plaintiff, and against the defendant, for the sum of $1555 damages, and $22.54 costs and disbursements. The certificates of the clerk and of the judge of the court, appended, conform to the requirements of the act of Congress, and the conclusion must be that the transcript is a full copy of the entire record, and sufficient. 1 Greenleaf on Evidence, secs. 504, 505, 506.

The judgment is affirmed.

*Judgment affirmed.*

This case, when first considered, was assigned to the late Justice DICKEY to prepare the opinion, but no opinion having been prepared in his lifetime, the case was re-assigned at the November term, A. D. 1885.