MRS. LOU FORREST

*v.*

MRS. FRED FEY *et al.*

*Opinion filed October 24, 1905—Rehearing denied Dec. 7, 1905.*

1. JUDGMENTS AND DECREES—*foreign decree, duly certified, can only be questioned for jurisdictional matters.* Where a transcript of a decree entered by the court of another State, duly certified, is offered in evidence in this State, no questions are open to inquiry except questions of jurisdiction, including fraud affecting the jurisdiction or the discretion of the court to exercise such jurisdiction.

2. SAME—*a foreign decree is conclusive of merits if court had jurisdiction.* A decree entered by a court of one State, if it had jurisdiction, has the same force and effect in other States as in the State where it was rendered, and is conclusive of the merits of the controversy even though fraud not affecting the jurisdiction may have intervened.

3. SAME—*if record is silent as to jurisdictional facts, jurisdiction is presumed.* A presumption of jurisdiction obtains where a court of general jurisdiction proceeds to adjudicate a cause; but this presumption applies only when the record is silent upon the question, and if there is an affirmative showing in the record that there was no jurisdiction the decree is void and is open to direct or collateral attack.

4. SAME—*when finding of court as to jurisdiction is not conclusive.* If the record itself shows that a jurisdictional notice was not given as required by law, or that the finding of jurisdiction upon which the court acted was insufficient, jurisdiction does not attach, notwithstanding the finding of the court as to jurisdiction and the recital in the decree that notice was given.

5. SAME—*when foreign decree of divorce is void.* A foreign decree of divorce is void where the record shows that the affidavit of non-residence required by the laws of the foreign State to be filed as the jurisdictional basis of the warning notice had not been signed or sworn to, and where there is no finding by the court that the affidavit was filed, and there is nothing in the record from which the presumption could arise that any other paper had been filed as the affidavit, although there is a finding of jurisdiction by the court and a recital in the decree that the warning notice was given.

APPEAL from the Circuit Court of Ford county; the Hon. T. M. HARRIS, Judge, presiding.

SCHNEIDER & SCHNEIDER, and W. N. CARPENTER, for appellant.

CLOUD & THOMPSON, and WELTY, STERLING & WHITMORE, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant filed in the circuit court of Ford county her petition for the assignment to her of dower in one hundred and twenty acres of land in said county, alleging that she was the widow of Frederick Fey, to whom she was married in Arkansas, and making the appellees, Anna K. Fey, from whom she alleged that Frederick Fey had been divorced before his marriage to her, and the heirs of Frederick Fey and John A. Montelius, defendants. The answers to the petition raised an issue as to the validity of the divorce obtained by Frederick Fey in the chancery court of Arkansas county, Arkansas, and alleged that it was void for want of jurisdiction in said court. The cause was referred to a special master to take and report the evidence, and upon a hearing of the evidence so taken the petition for dower was dismissed and this appeal was prosecuted.

Frederick Fey was the owner of two hundred acres of land in Ford county, in this State, and lived upon it with his wife, Anna K. Fey, and their children. In the spring of 1897 he went to Arkansas and bought a piece of land and remained there a few weeks. He returned and remained at home with his wife and children until the spring of 1899, when he again went to Arkansas and came back in the fall of that year. He remained at home with his wife and family for about three weeks, and again left for Arkansas on November 4, 1899. While at home he and his wife, Anna K. Fey, conveyed the farm to John A. Montelius, who gave back the following contracts, one to Frederick Fey, agreeing to convey to him one hundred and twenty acres upon his obtaining a divorce from his wife and paying her $1000, and

the other agreeing to convey eighty acres to Anna K. Fey
when her husband obtained a legal divorce from her:

"PIPER CITY, ILLINOIS, *Nov. 1, 1899.*

"Whereas Fred Fey and wife have this day deeded to me their
farm upon this condition, that in order to settle their differences
I am to hold the title to said land until Fred Fey procures a legal
divorce from his wife and pays to said Anna K. Fey the sum of
one thousand dollars as a settlement in full for her dower interest
in the east half of the south-east quarter and the south-west quar-
ter of the south-east quarter of section twenty-two (22), town
twenty-six (26), north, range nine (9), east of the third principal
meridian.  When this is done said party of second part agrees to
deed this part of the farm to said Fred Fey.

FRED X FEY,<br>
his mark<br>
JOHN A. MONTELIUS.

Witness George D. Montelius."

"PIPER CITY, ILLINOIS, *Nov. 1, 1899.*

"Whereas Fred Fey and Anna K. Fey have deeded to me their
farm in settlement of their differences, as soon as Fred Fey pro-
cures a legal divorce party of the second part agrees to re-convey
the east half of the north-east quarter of section twenty-two (22),
*town twenty-six (26), north, range nine (9), east of the third
principal meridian.*

ANNA K. FEY,<br>
JOHN A. MONTELIUS."

On April 24, 1900, Frederick Fey filed in the chancery
court of Arkansas county, Arkansas, his bill for divorce from
his wife, Anna K. Fey, and on August 9, 1900, a decree of di-
vorce was entered, finding that said Anna K. Fey abandoned
said Frederick Fey in March, 1898, and annulling their mar-
riage.  On August 14, 1900, Frederick Fey was married to
appellant, Mrs. Lou Walker.  In October, 1900, Frederick
Fey died, and appellant afterward married Morgan Forrest.

The only question which will be considered is whether
the chancery court of Arkansas county, Arkansas, acquired
jurisdiction to hear and determine the suit for divorce of
Frederick Fey against Catarina Fey, as Anna K. Fey was
styled in that proceeding, and all other questions raised and
argued by counsel will be ignored.

The defendant Anna K. Fey resided in this State and did
not appear in the suit.  The service upon her was by publi-

cation of a warning order. The statute of Arkansas provides that when it appears by the affidavit of the plaintiff, filed in the clerk's office at or after the commencement of an action, that the defendant is a non-resident of the State, the clerk shall make upon the complaint an order warning such defendant to appear in the action within thirty days from the time of making the order. The affidavit required by the statute before a warning order is made and publication thereof, is jurisdictional, and if the affidavit is not made it is fatal to the jurisdiction. (*Memphis Land Co.* v. *Levee District,* 70 Ark. 409.) No affidavit was found in the files or of record in the cause, and there was no finding by the court that such an affidavit was ever filed, but there was attached to the bill of complaint a draft of an affidavit, not signed or sworn to, as follows:·

"Now on this day comes the complainant, Frederick Fey, who on his oath says that the foregoing complaint is true. And he further states that the defendant, Catarina Fey, is a non-resident of the State of Arkansas, and asks that a warning order be issued.

. . . . . . . . .    . . . . . . . . . . . . . . . . .

"Subscribed and sworn to before me this . . . . . . . . . . . . . . day of April, A. D. 1900.    . . . . . . . . .    . . . . . . . . . . . . . . . . . .
No. 400.—Frederick Fey vs. Catarina Fey."

Endorsed:

"Filed in my office and L. C. Smith appointed atty. *ad litem,* and warning order issued, April 24, 1900.

I. C. GIBSON, *Clerk.*

H. B. DUDLEY, *D. C.*

William Carpenter, for Plaintiff."

The warning order so issued, dated April 24, 1900, and signed by the clerk, was published in a newspaper for four successive weeks. In the decree for divorce the court found that the defendant had been properly served by a warning order published in fit and ample time, but found nothing as to the affidavit.

One of the grounds upon which it is contended that the decree of divorce was void is, that Frederick Fey had no legal ground for a divorce and that the decree was obtained by fraudulent averments and proof. Whether he had any

legal ground for a divorce, or whether the allegations of his bill of complaint, or the proofs to sustain them, were true or false, does not affect the validity of the decree if the court had jurisdiction to enter it. Where a transcript of a decree entered by a court of another State, duly certified, is offered in evidence in this State, no questions are open to inquiry except questions of jurisdiction, (*McMillan* v. *Lovejoy,* 115 Ill. 498,) including fraud affecting the jurisdiction or the discretion of the court to exercise such jurisdiction. (*Dunham* v. *Dunham,* 162 Ill. 589.) After a court has acquired jurisdiction its findings are conclusive in all collateral proceedings, and a decree rendered by the chancery court of Arkansas, if it had jurisdiction, has the same effect in every other State as in the State where it was rendered, and is conclusive on the merits of the controversy, no matter what fraud may have intervened. (*Ambler* v. *Whipple,* 139 Ill. 311.) In the absence of jurisdiction to pronounce a decree it is absolutely void, and may be attacked either directly or collaterally. Where a court of general jurisdiction proceeds to adjudicate a cause there is a presumption of jurisdiction; but this presumption applies only when the record is silent upon the question, and if there is an affirmative showing in the record that there was no jurisdiction the judgment or decree will be void. Where the decree is silent as to the jurisdiction of the court over the defendants, if there is no evidence showing that the jurisdiction was not acquired, it will be presumed that the court had jurisdiction. (*Benefield* v. *Albert,* 132 Ill. 665.) Where a decree is silent as to the service of process, and the summons in the case shows want of or insufficient service, the presumption of jurisdiction is overcome. (*Swearengen* v. *Gulick,* 67 Ill. 208.) If it appears from the whole record in a case that the court did not have jurisdiction, the presumption in favor of jurisdiction is overcome. (*Osgood* v. *Blackmore,* 59 Ill. 261.) When the record itself shows a service which is insufficient and there is no finding from which it may be presumed that there is

another service, the presumption in favor of jurisdiction is rebutted. (*Clark* v. *Thompson,* 47 Ill. 25.) Where the record itself shows that notice was not given as required by law the jurisdiction does not attach, and where it shows that the finding of jurisdiction upon which the court acted was insufficient the finding of the court as to its jurisdiction is not conclusive, and the recital of proper service on the face of the decree makes no difference. (*Whitney* v. *Porter,* 23 Ill. 392; *Hemmer* v. *Wolfer,* 124 id. 435.) Jurisdiction over the defendant in the divorce suit could be obtained by publication in accordance with the statute of Arkansas, but if process was not served or notice given as required by law the court did not acquire jurisdiction and its decree was void. (*Goudy* v. *Hall,* 30 Ill. 109.) Where the facts appearing on the face of the record show that the court of another State rendering a decree of divorce had no jurisdiction of the person of the defendant, the decree is void. *Tucker* v. *People,* 122 Ill. 583.

In this case it appears on the face of the record that there was no affidavit of non-residence as required by the statute of Arkansas. A paper intended to be sworn to, annexed to the bill of complaint, and upon which the filing and notation of the clerk that a warning order was issued appeared, was neither signed nor sworn to. There was no finding by the court that any affidavit was made or filed, and there is nothing from which any presumption can arise that there was any other paper filed as an affidavit. The complaint with that paper attached was filed and the warning order was issued on April 24, 1900, and it is manifest that the unsworn paper was acted upon by the clerk as a basis for the warning order. It follows that the chancery court in Arkansas had no jurisdiction to enter the decree of divorce and the decree was void. For that reason the court did not err in dismissing the petition.

The decree of the circuit court is affirmed.

*Decree affirmed.*