**Henry C. Eddy, Defendant in Error, v. William E. Dodson, Plaintiff in Error.**

**Gen. No. 30,414.**

1. JUDGMENTS—*decree pronounced without jurisdiction void.* A decree pronounced without jurisdiction is absolutely void and may be attacked directly or collaterally.

2. JUDGMENTS—*presumption of jurisdiction from fact of adjudication.* A presumption of jurisdiction is raised when a court of general jurisdiction proceeds to adjudicate a cause.

3. JUDGMENTS—*presumption of jurisdiction contingent upon silence of record thereon.* Presumption of jurisdiction applies only when the record is silent upon the question.

4. JUDGMENTS—*invalidity where record shows want of jurisdiction.* If record of a case affirmatively shows want of jurisdiction, the judgment therein is void.

5. FOREIGN JUDGMENTS—*impeachment by showing want of jurisdictional facts.* Judgment rendered in another State may be contradicted as to facts necessary to give the court jurisdiction of either subject matter or person and lack of such facts makes the record a nullity though it recite their existence.

6. FOREIGN JUDGMENTS—*nature of action to recover amount of deficiency decree given in sister State.* Suit brought in Illinois to recover an amount found to be a deficiency in a Michigan judgment obtained without jurisdiction is suit on judgment of a sister State and not merely on a debt.

7. FOREIGN JUDGMENTS—*when not evidence of liability in this State for amount therein found due.* Offer of Michigan court record showing judgment had without personal service on defendant in that State permits solely the inquiry into jurisdiction and is no evidence of personal liability of defendant for amount of the deficiency judgment so obtained.

Error by defendant to the Superior Court of Cook county; the Hon. MICHAEL L. MCKINLEY, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1926. Reversed and remanded. Opinion filed December 21, 1926.

MCELROY & HUDDLESTON, for plaintiff in error; WALTER WILLIAM PEARSON, of counsel.

LUCIEN E. HARDING, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

In an action in debt, based upon the amount of a deficiency arising under a decree in a proceeding to foreclose a mortgage in the circuit court of Allegan county, Michigan (in which proceeding plaintiff was complainant and defendant the main defendant), the jury, at the close of all the evidence and at the court's direction, returned a verdict finding the issues for plaintiff, and finding the amount of the debt to be $5,166.94, and assessing plaintiff's damages at $1,514.

Judgment was entered upon the verdict against defendant and be sued out the present writ of error.

The action was begun on August 21, 1923. Plaintiff's declaration consists of a special count and the common counts in debt. He avers in the special count in substance that, at the February, 1919, term of said Michigan court he obtained a decree in the foreclosure proceeding for $24,755.96; that the mortgaged premises were sold to satisfy the decree by a commissioner for $20,000, leaving a deficiency of $5,166.94, "for which deficiency the said William E. Dodson was under and by the decree *personally liable* to the plaintiff;" that the commissioner's report of sale was duly approved; that thereby Dodson became indebted to plaintiff in said sum of $5,166.94, together with interest thereon at 5 per cent per annum from the date of said report, May 15, 1919, "whereof the defendant was *convicted,* as by the record thereof remaining in the same court more fully appears;" that said debt, damages and costs now amount to $6,268.45, and said decree remained in full force and effect, whereby an action has accrued to plaintiff to demand from defendant the said amount; yet defendant has not paid to plaintiff and refuses to pay the said sum of money "so by him *recovered* as aforesaid," to plaintiff's damage, etc. In plaintiff's affidavit of claim he says that his demand "is for the amount of a decree" entered May 15, 1919, in said Michigan court for the sum of $5,166.94, together with interest at 5 per cent per annum from May 15, 1919. On defendant's motion plaintiff was ruled to file and filed a bill of particulars, which is in substantial accord with the allegations of plaintiff's special count, and concludes with the statement that plaintiff's claim "is for the amount of said deficiency decree."

Defendant filed several pleas—one *nil debet,* another *nul tiel record,* and a third in which it is alleged that the supposed decree of the Michigan court "was and

is null and void as to this defendant with respect to any deficiency therein recited" because the court at the time of entering the decree "had not acquired jurisdiction of the person of defendant."

On the trial, plaintiff offered in evidence a duly exemplified copy of the record of the proceedings in the foreclosure suit, including the bill, process, orders of court, decree, commissioner's report of sale, and transcript of the evidence. Over defendant's objection and after argument, the record was admitted in evidence, from which it appears that the bill was one to foreclose a mortgage on certain premises in Michigan given to plaintiff by said Dodson and wife; that Dodson was not personally served with process in Michigan; that he resided at Evanston, Illinois, and on September 20, 1918, was served with a copy of the bill, notice of the pendency of the suit, etc., at Chicago, Illinois; that a decree of sale of the premises was entered on February 24, 1919, in which it was recited that the bill had been "taken as confessed," and in which it was found from proofs taken in open court that there was due to plaintiff the sum of $24,755.96; that, after ordering a sale of the premises by a commissioner to satisfy said sum, the court further ordered that, if the moneys arising from the sale should be insufficient to pay said sum, interest, costs and expenses, the commissioner specify the amount of the deficiency in his report, and that upon the confirmation of said report the said defendant, Dodson, "who is hereby decreed to be *personally liable* for the debt secured by said mortgage," pay to complainant the amount of such deficiency, with interest thereon from the date of such report; and that on May 15, 1919, the commissioner's report of sale of the premises to plaintiff for $20,000 was filed and confirmed, showing a deficiency of $5,166.94.

The foregoing exemplified copy of said record was the only evidence introduced by plaintiff. Defendant

testified in his own behalf to the effect that during the entire time of the pendency of said foreclosure suit he was a resident of Illinois; that he was served with a copy of the bill in Chicago in September, 1918; but that he did not enter his appearance in the Michigan court, or authorize any attorney to do so for him. During the argument over defendant's objection to the introduction of said exemplified record, and during further argument after its introduction on defendant's motion to strike it, and for a directed verdict in his favor, which motions were denied, defendant's attorney contended in substance that, as the proceeding in Michigan was one *in rem* to foreclose a mortgage on certain Michigan land, and as it appeared that defendant had not been personally served with process in Michigan and had not submitted himself to the jurisdiction of the Michigan court, the court was without power or jurisdiction to enter that portion of the decree *in personam* against defendant, which adjudged that defendant was "personally liable" for any deficiency arising out of the sale of the land, and that such decree was void and unenforceable in Illinois, and' that evidence thereof was not competent against defendant in the present action of debt. Plaintiff's attorney, while admitting that defendant had not been personally served in Michigan and had not submitted himself to the jurisdiction of the Michigan court, contended that the offered record was *"prima facie* evidence" of the debt therein shown, and stated in argument that the same was *"prima facie* evidence of everything that is contained in it, which would include the amount of that deficiency, and that the only way defendant can avoid the force and effect of that *judgment* would be by showing that he didn't owe the money," and further stated: "I think there is a little misapprehension as to the nature of this action. This is an action intending to recover a debt *evidenced by a record of a court of another state.* If it was intro-

duced and offered as a *judgment* of that court, then it would not be enforceable in this state as evidence of the debt."

In *Forrest v. Fey*, 218 Ill. 165, 169, it is said: "Where a transcript of a decree entered by a court of another State, duly certified, is offered in evidence in this State, no questions are open to inquiry except questions of jurisdiction (*McMillan v. Lovejoy*, 115 Ill. 498) * * *. In the absence of jurisdiction to pronounce a decree it is absolutely void, and may be attacked either directly or collaterally. Where a court of general jurisdiction proceeds to adjudicate a cause there is a presumption of jurisdiction; but this presumption applies only when the record is silent upon the question, and if there is an affirmative showing in the record that there was no jurisdiction the judgment or decree will be void. * * * If it appears from the whole record in a case that the court did not have jurisdiction, the presumption in favor of jurisdiction is overcome. (*Osgood v. Blackmore*, 59 Ill. 261.)"

In *Thompson v. Emmert*, 15 Ill. 415, 416, an action in debt upon a judgment rendered in Pennsylvania, it is said: "According to the decisions of this court, the record afforded conclusive evidence that his (Emmert's) appearance was entered by an attorney, and presumptive evidence of the authority of the attorney to act for him. *Prima facie*, therefore, the court had jurisdiction of his person, and authority to render the judgment against him. It was, however, competent for him to rebut the presumption, by proving that the attorney had no authority to enter his appearance to the action. This he established by the testimony of the attorney himself. The presumption in favor of the jurisdiction of the court over Emmert was thereby overthrown."

In *Pembleton v. Illinois Commercial Men's Ass'n*, 289 Ill. 99, 103, an action in debt upon a judgment

rendered in Nebraska against the defendant, an Illinois corporation, the court, after referring to the provision of the Federal Constitution requiring that full faith and credit shall be given in each State to the judicial proceedings of every other State, says: "It has been held by the Federal courts that the record of a judgment rendered in another State may be contradicted as to the facts necessary to give the court jurisdiction, and if it be shown that such facts did not exist the record will be a nullity, notwithstanding it may recite that they did exist; that want of jurisdiction may be shown either as to the subject matter or the person. (*Thompson v. Whitman,* 18 Wall. 457; *Simmons v. Saul,* 138 U. S. 439; *National Exchange Bank v. Wiley,* 195 id. 257.)"

Notwithstanding the statements of plaintiff's counsel, made in the trial court and repeated in his printed argument here filed, to the effect that plaintiff did not bring suit on any judgment or decree of a Michigan court but on a debt "evidenced by a record" of that court, we think it is apparent, from the allegations of the special count of the declaration and of the bill of particulars, that plaintiff's suit is on the amount of the deficiency, $5,166.94, ascertained on May 15, 1919, when the Michigan court confirmed the commissioner's report in the foreclosure proceedings, and is in effect a suit on a deficiency decree rendered against defendant by said court. The special count charges in substance that upon the sale of the mortgaged premises to satisfy the foreclosure decree there was a deficiency of $5,166.94, for which deficiency the defendant, Dodson, "was under and by the decree *personally liable* to the plaintiff," and that *thereby* defendant became indebted to plaintiff in said sum, together with interest thereon, "whereof the defendant was *convicted,* as by the record thereof remaining in the same court more fully appears." The word "convicted," in its most extensive sense, signifies "the giving of judg-

ment against a defendant.'' (13 C. J. 910.) And in his bill of particulars plaintiff says that his claim in this suit is ''for the amount of said deficiency decree in said suit in the circuit court of Allegan county, Michigan, amounting to $5,166.94,'' etc. Under the pleadings, when the record of the Michigan court was offered in evidence in the instant case, no questions were open to inquiry except those of jurisdiction (*Forrest v. Fey, supra*), and from the record itself it appeared that that portion of the decree in question, wherein the court adjudged that defendant was ''personally liable'' for the stated deficiency, was improper and void because the court had not acquired jurisdiction of defendant's person, and that said record was not evidence against defendant of any personal liability for said deficiency as a debt. (*Cooper v. Reynolds,* 10 Wall. (U. S.) 308, 318; *Manchester v. McKee,* 4 Gilm. (Ill.) 511, 520; *First Nat. Bank of Riverside v. Eastman,* 144 Cal. 487, 491.) Plaintiff's counsel has cited certain cases which he claims support his contention, but, considering the pleadings and evidence in the instant case, we do not think that they do. Some are not at all applicable; in others the decree sought to be enforced in the second suit had been entered after the court had acquired jurisdiction of the person of the defendant; and in others the suits to recover the deficiencies were based upon evidence of the original indebtedness, of which in the present case there was no evidence offered.

Our conclusions are that the superior court erred in overruling defendant's motion to strike the exemplified copy of the record of the Michigan court, in instructing the jury to find the issues for plaintiff, etc., and in entering the judgment in question against defendant. Accordingly the judgment is reversed and the cause remanded.

*Reversed and remanded.*

FITCH and BARNES, JJ., concur.