Irene Wynn, Appellee, v. Clarence E. Wynn, Appellant.

Opinion filed July 26, 1929.

PILLOW, KARNES & FLANDERS, for appellant.

KEEFE & LISTEMAN, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This is an appeal by appellant from a decree of divorce rendered by the circuit court of St. Clair county on April 4, 1929, on a bill filed by appellee alleging adultery and wilful desertion by appellant for a period of more than two years.

The appellant, Clarence E. Wynn, and appellee, Irene Wynn, were married on October 22, 1919, in the State of Michigan and shortly thereafter moved to the City of Chicago where appellant was employed. About a year and a half later the parties moved to East St. Louis, St. Clair county, to the home of appellee's mother, where the parties continued to live as husband and wife until June 28, 1924. At the time of the marriage appellee had accumulated about $1,000 and after their removal to East St. Louis appellee's money was used to pay their board and room rent to her mother. On June 28, 1924, appellant, while appellee was away from their home, removed his personal belongings from the home and went back to the City of Chicago where he sought employment and there maintained an apartment with another woman.

At the April term, 1925, of the circuit court of St. Clair county, appellee filed her bill for separate maintenance against appellant, to which bill appellant filed an answer and after a hearing of the cause before the court a decree was rendered for separate maintenance in which the court found that on or about the 28th of June, 1924, appellant had wilfully deserted and abandoned appellee, leaving her no means or money for her support and the court adjudged that the appellant pay to appellee the sum of $240 a year in monthly instalments to commence on the 1st day of July, 1925, until the further order of the court. Alimony under this decree was paid from time to time by appellant until May, 1928, and on June 26, 1928, on petition of appellee, defendant was directed by the court to pay an additional $100 to appellee within 60 days for the purpose of medical treatment.

During the time that the decree for separate maintenance between the parties was in full force and effect, appellant on May 7, 1928, filed a bill for divorce in the chancery court of Hinds county in the State of Mississippi, in which appellant alleged that on the 28th day of June, 1924, appellee had abandoned and deserted appellant without any cause whatever on the part of appellant. The bill filed by appellant in Mississippi further averred that appellant had provided appellee with a good home and every necessity of life and that on the 28th day of June, 1924, appellee without any cause whatever on the part of appellant had abandoned appellant as her husband and wilfully refused continuously since that date to live with appellant as his wife and that such abandonment had continued for more than a period of two years and appellant prayed that the Mississippi court grant him a divorce. The bill was sworn to by appellant and attached to the bill appears an affidavit by appellant alleging that he had been a domiciled and resident citizen of the State of

Mississippi since March, 1926. On May 7, 1928, the clerk of the Mississippi chancery court in which said bill was filed issued a citation notice addressed to "Mrs. C. E. Wynn, East St. Louis, Illinois," in which notice the said Mrs. C. E. Wynn was summoned to appear before the said chancery court on the fourth Monday of May, 1928, to defend said suit which was entitled "C. E. Wynn, Petitioner, v. Mrs. C. E. Wynn, Defendant." The bill had alleged that Mrs. Irene Wynn was a nonresident of the State of Mississippi and whose last known residence being that of East St. Louis, Illinois. Publication of the citation notice was made on four different dates in a newspaper published in the City of Jackson in said County of Hinds, Mississippi, and the clerk certified that the nonresidence summons was mailed post-paid to "Mrs. C. E. Wynn, East St. Louis, Illinois."

The final decree entered by the Mississippi court recited that the cause of Dr. C. E. Wynn v. Mrs. C. E. Wynn was heard on bill, proof of publication and oral evidence and it was decreed by the court that the bonds of matrimony theretofore existing between Dr. C. E. Wynn and Mrs. C. E. Wynn be dissolved.

To the original bill filed by appellee in the court below, appellant filed an answer averring that the marriage relation between the parties had on June 13, 1928, been dissolved by the decree of divorce rendered by the Mississippi court and attached to the answer was a duly authenticated copy of the whole divorce proceedings had in the Mississippi court. Appellee thereupon by leave of court filed her amended bill for divorce which alleged as cause for divorce adultery and two years wilful desertion and alleged that the decree of the Mississippi court was void; that said Mississippi court never had acquired jurisdiction of said cause because appellant had made a false and fraudulent affidavit wherein appellant had charged that appellee had de-

serted him on the 28th of June, 1924, without any cause whatever, which affidavit was necessary to give the chancery court of Mississippi jurisdiction in order that a summons might be issued, and charged that there was in full force and effect the decree of separate maintenance, the provisions of which were well known to appellant at the time he made such false and fraudulent affidavit; that no summons had ever been served appellee and that she had no notice of any kind of the pendency of the Mississippi proceedings and that such proceedings had been instituted by appellant in the Mississippi court for the purpose of defrauding the appellee.

The answer of appellant was allowed to stand to the amended bill, the replication of appellee filed and the cause was heard on the issues made before the chancellor.

Prior to the hearing of the case in the trial court, appellant entered his motion for dismissal of the cause, contending that the pleadings showed upon their face that the relationship of husband and wife did not then exist and that there was no marriage between the parties which could be dissolved. This motion was overruled by the court and the hearing proceeded in open court, the complainant and other witnesses testifying in support of the amended bill over objections of appellant. At the conclusion of all of the evidence, offered on behalf of appellee, appellant again moved for a dismissal of the cause predicated upon the foreign decree for divorce and upon the further grounds that appellee had produced no evidence which proved or tended to prove that the chancery court of Mississippi did not have jurisdiction to hear and grant the divorce to appellant from appellee as set up in appellant's answer. This motion was denied and exceptions taken by appellant and thereupon appellant offered in evidence the duly authenticated transcript of the foreign divorce

proceedings had in the State of Mississippi, and the court refused to admit such transcript except for the purpose of completing the record for appeal. Thereupon the trial court entered a decree of divorce in favor of appellee on the statutory grounds of desertion. An allowance of alimony was made in favor of appellee and counsel for appellant state that they raise no question concerning alimony awarded appellee, being content to rest their case upon the sole question as to the validity of the proceedings had in the Mississippi court.

Counsel for appellant say in their brief that the sole question to be decided by this court is whether the chancery court of the State of Mississippi had jurisdiction to hear and determine the cause which it assumed to do wherein appellant was granted a decree of divorce from appellee.

There is no question under the authorities but that the courts of Illinois will give full faith and credit to the judgments and decrees of foreign courts, including decrees of divorce. *Dunham v. Dunham,* 162 Ill. 589; *Rendleman v. Rendleman,* 118 Ill. 257; *Forrest v. Fey,* 218 Ill. 165; *Field v. Field,* 215 Ill. 496.

Where a transcript of a decree entered by a court in another State, duly certified, is offered in evidence in this State, no questions are open to inquiry except questions of jurisdiction, including fraud affecting the jurisdiction or the discretion of the court to exercise such jurisdiction. *Forrest v. Fey, supra; Dunham v. Dunham, supra.*

A decree of divorce entered by a court of a foreign State will be held void by a court of this State where the evidence shows that the complainant practiced a fraud upon the foreign court with respect to the time of his residence, in concealing the address of defendant, which was well known to him, thus causing that court to wrongfully assume jurisdiction. *Field v.*

*Field, supra.* In *Dunham v. Dunham, supra,* it was held that where a wife who, upon separation from her husband, goes into another State for the purpose of obtaining a divorce and brings a suit without disclosing the fact that a suit is pending in the State of her former residence, involving the same matters alleged as a cause of divorce, and in which she has appeared, she is guilty of such fraud as to invalidate a decree of divorce obtained by her, although the pendency of the prior suit could not have been pleaded in abatement nor in bar of her divorce suit.

When appellant filed his sworn bill in the Mississippi court to the effect that appellee had deserted him, he knew it was false and untrue because he knew there was a decree in full force and effect in the circuit court of St. Clair county under which he was required to pay alimony at the rate of $20 per month at the time he filed his Mississippi suit. Appellant is charged with knowing that the decree recited that he had theretofore wilfully abandoned and deserted appellee without cause; that this decree was made in the year 1925 and appellant continued to make payments of alimony until May, 1928, so that when appellant filed his bill in Mississippi he was not only guilty of perjury but committed fraud upon the Mississippi court as well as upon appellee. Undoubtedly if the Mississippi court had been advised by apt averments of the true state of facts the relief granted by the Mississippi decree would not have been entered.

The mere domicile within the State of one party to the marriage does not give the courts of that State jurisdiction to enter a decree of divorce enforceable in all the other States by virtue of the full faith and credit clause of the Federal Constitution against a nonresident who did not appear and was only constructively served with notice of the pendency of the action. *Haddock v. Haddock,* 201 U. S. 562, 50 L. Ed,

867. It was further said in the *Haddock* case: "Where the domicile of matrimony was in a particular state, and the husband abandons his wife and goes into another state in order to avoid his marital obligations, such other state to which the husband has wrongfully fled does not, in the nature of things, become a new domicile of matrimony, and, therefore, is not to be treated as the actual or constructive domicile of a wife; hence, the place where the wife was domiciled when so abandoned constitutes her legal domicile until a new actual domicile be by her elsewhere acquired."

The undisputed proof in this record clearly shows that appellee proved the allegations of her amended bill and that the decree rendered in favor of appellant in the Mississippi court proceeding instituted by him was void and did not constitute a sufficient defense to appellee's cause of action.

For the reasons aforesaid, the decree and judgment of the circuit court of St. Clair county is affirmed.

*Affirmed.*