**ROBINSON, Plaintiff-Appellee, v. ROBINSON, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20366.   Decided October 28, 1946.

Edgert & Edgert, Cleveland, for Plaintiff-Appellee.
Harry E. Davis, Cleveland, for Defendant-Appellant.

### OPINION

By HURD, J.

This is an appeal on questions of law from the court of common pleas of Cuyahoga County wherein the court dismissed the petition and cross-petition for divorce because of divorce proceedings in Ashtabula County. The material facts are not in dispute.

On February 26, 1944, Anna B. Robinson filed a petition in the court of common pleas of Cuyahoga County against her

husband, William Robinson, for divorce and alimony and a motion for an order to require the defendant to vacate the premises jointly occupied by the parties at 8615 Folsom Avenue, Cleveland, Ohio, and to restrain the defendant from interfering with the plaintiff or molesting her.

On the 2nd of March, 1944, certified copies of the petition, motion and summons were served on defendant, who on the same day, filed a motion to dismiss plaintiff's motion above described.

On the next day, March 3, 1944, the plaintiff and defendant were in court both represented by counsel, when the motion of the plaintiff came to be heard on its merits. The court, upon consideration, granted the motion of the plaintiff but also granted relief to the defendant by an order restraining the plaintiff from selling, encumbering and disposing of the real property located at 8615 Folsom Avenue and from disposing of any war bonds held in plaintiff's name but purchased by the defendant. These interlocutory orders of the court were embodied in a journal entry signed by the trial judge, filed March 8, 1944. Thereafter on March 20, 1944, the defendant filed an answer and cross-petition wherein the real property on Folsom Avenue was described by metes and bounds, government bonds to the sum of $2000.00 were described by number and denomination, and other personal property was appropriately described. The prayer of the cross-petition was for a divorce, a division of the real and personal property of the parties and for other equitable relief.

According to the docket entries the defendant on April 4, 1944, filed a motion to modify alimony pendente lite which was granted "Order see journal."

While these proceedings were pending, the plaintiff on October 11, 1944, filed another petition for divorce in Ashtabula County without disclosing the fact of the pending proceedings in Cuyahoga County and without making any reference to any of the real and personal property, the subject of litigation in Cuyahoga County.

In the action commenced in Ashtabula County, the plaintiff attempted to procure service by publication based upon her affidavit that the address of defendant was to her unknown.

Attached to the bill of exceptions in this proceeding is a certified copy of a journal entry of the court of common pleas of Ashtabula County introduced by plaintiff in the proceedings below by the terms of which the plaintiff was, on the 22nd of January, 1945, granted a decree of divorce on the ground of extreme cruelty, in an uncontested hearing, the defendant being in default of answer and appearance.

Thereafter, on March 3, 1945, the plaintiff by deed in which

she described herself as "single" sold and conveyed the real property at 8615 Folsom Avenue, Cleveland, Ohio, to Jack L. and Elizabeth Thomas, which deed was duly recorded with the Cuyahoga County Recorder on March 24, 1945, in Vol. 5850 page 737 of the Records of Deeds.

Next in the chronological order of events was the filing of a proceedings in contempt by defendant in Cuyahoga County on the 8th of October, 1945, charging the violation of the court order in Cuyahoga County on the part of the plaintiff in selling and conveying the real property. This hearing was set for Nov. 9, 1945, but was passed indefinitely for the reason that defendant had been unable to secure service upon plaintiff. Thereafter, on the 27th of November 1945, the defendant filed an amended answer and cross-petition, personal service of which was had on plaintiff on Dec. 12, 1945. This was the state of the record when the case came on for final hearing on the merits in the common pleas court of Cuyahoga County on the 6th of March, 1946.

At this hearing, the plaintiff introduced in evidence a certified copy of her divorce decree as set forth in the journal entry of the common pleas court of Ashtabula County together with a transcript of the docket entries therein. The trial judge upon receiving this evidence refused to admit any evidence proffered by the defendant and summarily dismissed the petition and the cross-petition, holding that the parties had been divorced and that he had no jurisdiction to proceed with the case further, although the defendant made a statement for the record in which he offered to show by evidence that the affidavit on which the service by publication was allowed in Ashtabula County was false and fraudulent; that the defendant's address was well known to the plaintiff; that the plaintiff had visited him where he roomed and at his place of employment, and that the defendant had visited the plaintiff at her invitation at the residence on Folsom Avenue; that while the injunction issued by the court of common pleas of Cuyahoga County was in full force and effect, the plaintiff in violation of the restraining order, sold and conveyed the real property described in the pleadings; that the personal property consisting of $2000.00 in government bonds had been disposed of by plaintiff and that the other personal property had disappeared. The trial court then made the following entry:

"Petition and cross-petition dismissed because of divorce proceedings in Ashtabula County."

There are three assignments of error as follows:

"1. That the trial court erred in dismissing the answer and cross-petition of the defendant.

"2. That the trial court erred in not making a division or disposition of the communal property as prayed for in both petition and answer and cross-petition.

"3. That the trial court erred in recognizing a divorce decree granted to plaintiff in Ashtabula County, Ohio, in an action instituted after an identical action had been filed in this county and which was pending and undetermined when the Ashtabula County decree was granted."

Considering and treating these assignments of error together, the principal question emerging is whether or not the trial court erred in holding that the action of the plaintiff in filing a petition and securing a divorce in Ashtabula County divested the court of common pleas of Cuyahoga County of jurisdiction. We think the trial court erred in so holding.

It was clearly the duty of the trial court to hear the evidence sought to be introduced by the defendant on his cross-petition and to adjudicate upon the issues joined.

The plaintiff having first invoked the jurisdiction of the common pleas court of Cuyahoga County, and while orders were pending therein restraining her from disposing of real and personal property, could not circumvent the force or effect of such orders or divest the court of common pleas of Cuyahoga County of jurisdiction by attempting to invoke the jurisdiction of the common pleas court of another county within this state.

It is a fundamental proposition of law that when a court competent to adjudicate upon a matter in litigation, obtains jurisdiction over the parties by the service of process; such court alone has power to adjudicate upon the questions at issue and no other court can deprive it of such jurisdiction.

This proposition of law applies especially when the issue is joined by the parties by appearance and pleadings, thereby unreservedly invoking and subjecting themselves to the jurisdiction of the court.

In the comparatively recent case of Miller v Court of Common Pleas of Cuyahoga County (decided March 22, 1944) 143 Oh St 68, the supreme court allowed a writ of prohibition staying the Court of Common Pleas of Cuyahoga County from proceeding to adjudicate issues in a divorce suit therein commenced by the husband on August 31, 1943, when it appeared that the court of common pleas of Allen County had first acquired jurisdiction by suit therein commenced by the wife on August 23, 1943, upon which proper service was had on the

husband on August 24, 1943. In a Per Curiam opinion at page 70 the court said:

"It is a fundamental rule that as between the courts of concurrent and coextensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings and the service of the required process acquires the right to **adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals. This rule obtains in divorce action.** * * * 14 O. Jur. 410, §30; see also, 11 O. Jur. 726, — §81, citing **ex parte Bushnell, 8 Oh St. 599,** and other authorities." (emphasis ours.)

The case of **Creager v Creagor, 22 Oh Ap 261, 154 N. E. 316** (motion to certify overruled **25 OLR 61**) is another divorce case presenting a question of conflict of decisions between Ohio courts of concurrent and competent jurisdiction. In that case the husband filed his petition on January 12, 1926 in the common pleas court of Darke County for a divorce and custody of his minor son, and summons was issued and served on the defendant January 13, 1926. While the wife commenced her action in Lucas county on January 6, 1926, summons was not served on the husband until January 15, 1926, two days after the wife had been served in the Darke County case. Each court proceeded to the trial of the respective suits commenced therein and each court granted relief to the respective plaintiffs therein. The wife, who was defendant in the Darke County case, prosecuted error to the court of appeals which held: (syllabus 2)

"2. Where a question of conflict of jurisdiction arises, the court otherwise having jurisdiction would obtain precedence by priority of actual service of the summons upon necessary parties, and by priority of the decree of divorce based on such service."

And on pages 263-64, the court in a per curiam opinion said:

"We have the question of the conflict of jurisdiction squarely presented in this case. Upon full consideration, we are of opinion that the court of common pleas of Darke County, by the prior service of summons, obtained full jurisdiction of the action for divorce and custody of the child, and that

such court was not bound to yield jurisdiction to the court of common pleas of Lucas County upon the subject matter involved in the Darke County case. * * * "

To the same general effect are the cases of **Fessenden v Fessenden, 28 OLR 408; Picker v Picker, 46 Oh Ap 82.** The law is so well settled in the State of Ohio on this question of jurisdiction that we think it is not necessary to look elsewhere for authority. However, in the leading case of Dunham v Dunham, 162 Ill. 589, the supreme court of Illinois at page 612 states:

"It is well settled that as between different courts in the same state, having concurrent jurisdiction, the one first obtaining jurisdiction of the cause will retain it until the matter is disposed of and that the prior suit may be pleaded in abatement to the second suit. Citing, Gindele v Corrigan, 129 Ill. 582; Howell v Moores, 127 Ill. 67; Plum & Ade Mfg. Co. v Caldwell, 136 Ill. 163; Mason v Piggett, 11 Ill. 85."

This proposition of law has been consistently followed by the courts of Illinois in later decisions.

Upon full consideration we are of the opinion that the jurisdiction of the common pleas court of Cuyahoga County having first been invoked by the plaintiff and the issues therein having been joined by appearance and pleadings of both parties, the court of common pleas of Cuyahoga County acquired the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals. It therefore follows upon reason and logic that the entire proceedings subsequently instituted by the plaintiff in the common pleas court of Ashtabula County were a nullity having no force or effect upon the issues joined in the instant case.

While we think that our holding on the question of jurisdiction is dispositive of the issues raised by the assignments of error on appeal, it appears to us that in the absence of an adequate and satisfactory explanation the element of fraud appearing on the face of the record was such as to require the trial court to hear the evidence proffered by defendant.

The law is clear that where a fraud is practiced on jurisdictional grounds in securing a decree in one court while proceedings are pending in another court, then any decree so procured is void. This is also true when the decree is procured in another state where the evidence shows that the complainant wrongfully and fraudulently caused the foreign court to assume jurisdiction by practicing a fraud upon the foreign

court with respect to time of residence and by concealing the address of the spouse when the same was in fact known to the complainant. See 17 American Jurisprudenece 385, §470; Dunham v Dunham, 162 Ill., supra; Atkins v Atkins, 393 Ill. 801; Wynn v Wynn, 254 Ill. App. 254; Williams et al v North Carolina 325 U. S. 226.

For the reasons stated we conclude that the trial court erred in dismissing the petition and cross-petition because of the proceedings in Ashtabula County.

Therefore, the action of the court of common pleas is reversed and the cause remanded for further proceedings upon the issues joined, according to law.

SKEEL, PJ, MORGAN J, concur.