OPINION
{¶ 1} Appellant, Kelly J. Swearingen, appeals from a decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, rendered on July 8, 2005, that dismissed her complaint for divorce for want of jurisdiction. The facts and procedural history are gleaned from the decision of the trial court and the briefs and oral arguments of the parties.
 {¶ 2} On April 9, 2003, appellant filed a complaint in the Henry County Court of Common Pleas, seeking a divorce from John D. Swearingen, Jr., appellee herein. Both parties lived in Henry County with their two minor children.
 {¶ 3} On August 16, 2004, the parties to the Henry County case entered into mediation with the court's mediation department and reached an agreement that settled all claims in the divorce action. Although the parties mediated the case to settlement, it appears that no final decree of divorce was issued by the Henry County Court of Common Pleas.
 {¶ 4} On August 18, 2004, two days after the Henry County case was mediated to resolution, appellant asked appellee's permission to take the two minor children on vacation before school started. Appellant took the children and, without the knowledge or consent of appellee, removed the children from their school and never returned.
 {¶ 5} On August 24, 2004, six days after taking the children and while the Henry County divorce case was still pending, appellant filed a complaint for divorce in the Domestic Relations Division of the Franklin County Court of Common Pleas. In this second filing, appellant alleged she had been a resident of Franklin County for more than 90 days.
 {¶ 6} On August 27, 2004, when appellant failed to return the children, appellee sought and obtained an ex parte, interlocutory order in the original Henry County divorce case, granting him custody of the minor children of the parties.[1]
 {¶ 7} On August 27, 2004, some hours after appellee obtained the Henry County custody order, appellant filed a voluntary dismissal of the Henry County divorce case.
 {¶ 8} On August 30, 2004, after appellant dismissed the Henry County case, appellee filed his own complaint for divorce in that county, but has been unable to obtain service of process on appellant.[2]
 {¶ 9} On September 12, 2004, appellee was served with a copy of appellant's complaint for divorce that had been filed in Franklin County on August 24, 2004.
 {¶ 10} On September 28, 2004, in the Franklin County Court of Common Pleas, appellee filed a motion to dismiss and/or transfer venue. Appellee argued that the court lacked jurisdiction to proceed because previously, jurisdiction had been invoked by the Henry County Domestic Relations Court. In addition, appellee alleged that appellant had falsely claimed to be a resident of Franklin County when she filed her second complaint for divorce in Franklin County.
 {¶ 11} On May 25, 2005, the trial court granted appellee's motion to dismiss. The court applied the jurisdictional priority rule and found it lacked subject matter jurisdiction to entertain appellant's second divorce action. The court also found that appellant had engaged in impermissible forum shopping. Appellant filed a timely notice of appeal to this court from that judgment of dismissal.
 {¶ 12} Appellant raises the following assignment of error:
WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING DEFENDANT-APPELLEE'S MOTION TO DISMISS FOR LACK OF PROPER JURISDICTION.
 {¶ 13} This case involves the interplay between the jurisdictional priority rule and the right of a plaintiff to voluntarily dismiss an action pursuant to Civ.R. 41(A)(1).
 {¶ 14} The jurisdictional priority rule provides a straightforward method to determine which of two courts of concurrent jurisdiction has primary authority to proceed with litigation between parties. Where litigation involving the same parties and issues is commenced in two courts of concurrent and coextensive jurisdiction, the court whose power is first invoked by the institution of proper proceedings and service of process acquires the authority to adjudicate and settle the rights of the parties to the exclusion of all other tribunals. Miller v. Courtof Common Pleas of Cuyahoga Cty. (1944), 143 Ohio St. 68, 70.
 {¶ 15} Priority of jurisdiction is not based on which lawsuit was filed first. Instead, priority is given to the court where service of process is first successfully accomplished. "Service of process is thus made a condition precedent to vesting of jurisdiction in determining which of two courts has the exclusive right to adjudicate the whole case." State ex rel. Balson v.Harnishfeger, Judge (1978), 55 Ohio St.2d 38, 39-40. See, also,Gehelo v. Gehelo (1953), 160 Ohio St. 243. The rule applies equally in domestic relations cases. State ex rel. Largent v.Fisher, Judge (1989), 43 Ohio St.3d 160, 162, citing Miller,
supra.
 {¶ 16} The rule that the first successful service of process vests a court with priority to proceed is not absolute. Despite the fact that service is obtained in one case before another, a court may still lack jurisdiction where a party to both cases is found to have deliberately avoided service of process. See the companion decisions of the Second District Court of Appeals inKronenthal v. B-Dry System, Inc. (June 30, 1999), Greene App. No. 99-CA-1, and B-Dry System, Inc. v. Kronenthal (June 30, 1999), Montgomery App. No. 17130. The general rule, however, is that the court in which process is first obtained has jurisdiction over the subject matter and the parties to the exclusion of all other courts of concurrent jurisdiction.Balson, supra.
 {¶ 17} It is undisputed that appellant first brought her action for divorce and obtained service of process upon appellee in Henry County where both parties and their minor children lived. Under the jurisdictional priority rule, the Henry County Court of Common Pleas had jurisdiction to determine the rights of the parties to the exclusion of all other tribunals. E.g.Balson, supra. Therefore, on August 24, 2004, when appellant filed her second complaint for divorce in Franklin County, the Franklin County Court of Common Pleas lacked jurisdiction to proceed. Although the Franklin County court lacked jurisdiction when appellant filed her second complaint for divorce, that fact does not end our inquiry.
 {¶ 18} Appellant does not dispute that the Franklin County court lacked jurisdiction when she filed her second divorce complaint. Appellant concedes that, on that date, the Henry County Court of Common Pleas had exclusive jurisdiction to determine the rights of the parties. However, appellant argues that while jurisdiction was lacking in Franklin County on August 24, 2004, jurisdiction developed based on two events that took place after the complaint was filed.
 {¶ 19} First, appellant states that her voluntary dismissal of her Henry County divorce case divested the Henry County Court of Common Pleas jurisdiction. Thereafter, appellant reasons she was free to re-file her divorce action, either in Henry County or in any other county in which she had been a resident for the previous 90 days. Second, after she dismissed the Henry County divorce case, appellant obtained service on appellee in the Franklin County case before appellee could serve appellant in the newly filed divorce action he had brought in Henry County. Therefore, appellant believes that the Franklin County court acquired both subject matter and in personam jurisdiction to proceed when appellee was served in the Franklin County case on September 12, 2004.
 {¶ 20} Appellee contends that jurisdiction was lacking in Franklin County on August 24, 2004, when appellant filed her second divorce complaint because priority jurisdiction lay in Henry County. In appellee's view, appellant's complaint filed on August 24, 2004 in Franklin County was a nullity and jurisdiction in Franklin County could not be created thereafter by plaintiff's subsequent dismissal of the Henry County case.
 {¶ 21} Rule 41 of the Ohio Rules of Civil Procedure provides for both voluntary and involuntary dismissal of litigation. Pertinent to this case, is Civ.R. 41(A)(1), which provides as follows:
(1) * * * Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;
(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.
Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.
 {¶ 22} Pursuant to Civ.R. 41(A)(1)(a), a plaintiff has an absolute right, regardless of motive, to one voluntary, unilateral termination of the plaintiff's case without prejudice at any time prior to the commencement of trial, unless a counterclaim which cannot remain pending for independent adjudication has been served by the defendant. Voluntary dismissal requires neither notice to the opposing party nor leave of court. Clay Hyder Trucking Lines, Inc. v. Riley (1984),16 Ohio App.3d 224; Holly v. Osleisek (1988), 40 Ohio App.3d 90.
 {¶ 23} Civ.R. 41 differs from its federal counterpart. Under the federal rule, a party has the right to dismiss only until an opponent files an answer or motion for summary judgment. In federal civil litigation, the court assumes responsibility for and control over the case at a much earlier point in the proceedings than under the Ohio rule.
 {¶ 24} In Ohio, voluntary dismissal in compliance with Civ.R. 41(A)(1) divests the trial court of jurisdiction to proceed to determine the case. State ex rel. Hunt v. Thompson (1992),63 Ohio St.3d 182. Where a notice of dismissal in compliance with Civ.R. 41(A)(1)(a) has been filed, an action is treated as if it had never been commenced. Sturm v. Sturm (1991),61 Ohio St.3d 298, 302. Once jurisdiction in the Henry County Domestic Relations Court ended, appellant was free to re-file her divorce case, either in that court or in any other court of competent jurisdiction where appellant met residency requirements.[3]
 {¶ 25} Appellee relies upon several appellate decisions to support his position. However, unlike the present case, appellee's cited cases all appear to involve application of the jurisdictional priority rule where the case deemed to have priority remained pending throughout the jurisdictional controversy.
 {¶ 26} In Robinson v. Robinson (1946), 79 Ohio App. 149, the wife filed for divorce in Cuyahoga County and obtained service of process upon the husband. While that case was pending, the wife filed a second action for divorce in Ashtabula County, attempted service by publication and, thereafter, obtained a decree of divorce in that county. This second divorce complaint did not divulge that an earlier complaint was pending and service of process had been obtained in Cuyahoga County. At the time of the Ashtabula County final decree of divorce, the earlier commenced Cuyahoga County divorce case remained pending. That is not the case here.
 {¶ 27} In Stuber v. Stuber (Sept. 28, 1990), Allen App. No. 1-89-36, both husband and wife filed for divorce in the Allen County Court of Common Pleas. The wife's action was filed on February 24, 1989, and she obtained service of process upon the husband on March 23, 1989. The husband filed his complaint for divorce on March 24, 1989, and the wife was served on March 29, 1989. Appellant notes that the Allen County Court of Appeals ruled that "[t]he pendency of the prior proceeding works as an abatement of the subsequent divorce action filed by plaintiff-appellant on March 24, 1989." Stuber, at 3. However, as in Robinson, the case in which service was first obtained remained pending at the time that the second complaint was filed and was pending until erroneously dismissed by the trial court. Therefore, we find that neither Robinson nor Stuber are helpful to the determination of this appeal.
 {¶ 28} No final decree of divorce was issued by the Henry County Court of Common Pleas before appellant filed her notice of voluntary dismissal of that case. Had there been a final decree of divorce, continuing jurisdiction to review and modify that decree would remain in the Henry County Court of Common Pleas.In re Poling (1992), 64 Ohio St.3d 211. "[A] court which renders a custody decision in a divorce case has continuing jurisdiction to modify that decision." Id. at 215.
 {¶ 29} Based upon the foregoing, we conclude that, while the Henry County Court of Common Pleas had priority of jurisdiction to determine the rights and responsibilities of the parties, that court was divested of jurisdiction when appellant filed her notice of voluntary dismissal. Thereafter, appellant was free to proceed with the divorce action filed in Franklin County. When service of process was made upon appellee, the Franklin County Court of Common Pleas had exclusive jurisdiction to proceed.
 {¶ 30} What makes this case troublesome, is that appellant and appellee litigated the issues in their divorce case for some 16 months in a court with unquestioned jurisdiction before appellant chose to dismiss that action. The trial court suggested that appellant was dissatisfied with the mediated settlement that had been achieved in the Henry County divorce, and filed her second complaint in Franklin County "in an effort to obtain a more favorable result." (Trial court decision, at 4.) The court found that appellant had engaged in "impermissible forum shopping." (Trial court decision, at 2.)
 {¶ 31} Sup.R. 36(D) provides that a case that has been filed, dismissed and re-filed shall be assigned to the same judge assigned to the original filing. Sup.R. 36 was "designed to prevent judge-shopping." Brickman Sons, Inc. v. National CityBank, 106 Ohio St.3d 30, 2005-Ohio-3559. Judge shopping is to be condemned. However, Sup.R. 36 does not apply when the re-filing takes place in a different county. See Lang v. Trimble-Weber
(Dec. 11, 1997), Cuyahoga App. No. 72516, construing former Common Pleas Superintendence Rule 4. The language of former Sup.R. 4 is now contained in Sup.R. 36.
 {¶ 32} Courts have expressed misgivings over the potential for abuse of Civ.R. 41(A)(1) when a plaintiff exercises the right to dismiss an action at any time, even where the trial court has indicated that it is prepared to rule against the plaintiff's claim:
* * * We agree with Allstate and the trial court that to permit the Jacksons — or any plaintiff — to dismiss an action after it has received an adverse ruling on the merits violates a sense of fair play. However, we have likewise recognized that Civ. R. 41 grants broad authority to the plaintiff to dismiss an action without prejudice at any point prior to the commencement of trial. * * *
* * * In light of the potential for abuse, the Rules Advisory Committee of the Supreme Court of Ohio may wish to reconsider the wisdom of allowing voluntary dismissals, without prejudice, at this late stage of a litigation. * * *
Jackson v. Allstate Ins. Co., Montgomery App. No. 20443,2004-Ohio-5775. See, also, Lovins v. Kroger Co. (2002),150 Ohio App.3d 656, fn. 7.
 {¶ 33} A plaintiff's motives for dismissing a case, even at the penultimate stage of the proceedings, are not relevant to our inquiry:
The language of Civil Rule 41(A)(1) and (C) requires no construction. It gives either party an absolute right, regardless of motives, to voluntarily terminate its cause of action at any time prior to the actual commencement of the trial. There is no exception in the rule for any possible circumstance that would justify a court in refusing to permit the withdrawal of a cause prior to the commencement of trial. This is the traditional Ohio policy of encouraging voluntary terminations. While such a rule may be subject to abuse, as was recognized by the civil rules committee, the only limitation imposed is that a notice of dismissal operates as an adjudication upon the merits when filed by a party who once previously dismissed an action based on the same claim.
Standard Oil Co. v. Grice (1975), 46 Ohio App.2d 97, 100-101. See, also, State ex rel. Mogavero v. Belskis, Judge, Franklin App. No. 02AP-164, 2002-Ohio-6497, ¶ 35; Kracht v. Kracht (Feb. 27, 1994), Cuyahoga App. No. 70005.
 {¶ 34} While we share the concern of the trial court that appellant appears to have engaged in forum shopping, we are compelled to recognize that Civ.R. 41(A)(1)(a) gave appellant the absolute right to dismiss her divorce action in Henry County. Once appellant dismissed the Henry County proceedings, the jurisdiction of that court ended. With no other court exercising both subject matter and personal jurisdiction, appellant was free to proceed with service of process upon appellee in her new divorce action in Franklin County. When appellee was served with process in the trial court before appellee was able to obtain service upon appellant in the new Henry County case, jurisdiction lay in the Franklin County Court of Common Pleas, Division of Domestic Relations.
 {¶ 35} Of course, had appellee been able to obtain service upon appellant in the divorce action that appellee filed in Henry County on August 30, 2004 before appellant was able to serve appellee in Franklin County, the Henry County court would have had jurisdictional priority over the Franklin County court. That, however, does not appear to be the case.
 {¶ 36} Appellee has raised other issues that go to the jurisdiction of the trial court. Appellee states that appellant was not a resident of Franklin County on August 24, 2004, when she filed her complaint for divorce. Appellee alleges that appellant intentionally evaded service of process in the second Henry County case that he filed on August 30, 2004 and therefore, cannot claim jurisdictional priority in Franklin County. (SeeKronenthal v. B-Dry System, Inc. and B-Dry System, Inc. v.Kronenthal, supra.) The record on appeal is limited to the decision of the trial court and the pleadings of the parties. Therefore, these allegations are not properly before us. However, because the case must be remanded to the trial court for further proceedings, appellee will have the opportunity to present his claims for resolution by that court.
 {¶ 37} Based on the foregoing, we sustain appellant's assignment of error. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations is reversed and this matter is remanded for further proceedings in accordance with law and this opinion.
Judgment reversed and cause remanded.
Petree and Sadler, JJ., concur.
[1] During oral argument, counsel for appellee advised that the custody order was immediately transmitted by facsimile to the office of appellant's attorney.
[2] In response to a question from the court during oral argument, counsel for appellee stated that appellant had been living in motels and in her vehicle to avoid service of process in the second Henry County action.
[3] Appellee's motion to dismiss filed in the trial court asserts that appellant had not been a resident of Franklin County for 90 days when she filed her complaint for divorce on August 24, 2004. However, that issue was not decided by the trial court and is not before us.