CHLOE M. FIELD

*v.*

FRANCES C. FIELD.

*Opinion filed April 17, 1905—Rehearing denied June 13, 1905.*

1. JUDGMENTS AND DECREES—*court may inquire into jurisdiction of court of foreign State to enter decree.* Courts of this State may inquire into the proceedings, judgment or decree of a court of a foreign State, to determine whether that court had jurisdiction of the subject matter and of the parties.

2. SAME—*when foreign decree of divorce is void.* A decree of divorce entered by a court of a foreign State will be held void by a

court in this State where the evidence shows the complainant practiced fraud upon the foreign court with respect to the time of his residence and in concealing the address of the defendant, which was well known to him, thus causing that court to wrongfully assume jurisdiction.

3. LACHES—*laches cannot be imputed before notice of the facts.* Laches on the part of a wife in not seeking to set aside a decree of divorce obtained by her husband until after his death cannot be imputed, where she testifies, without contradiction, that she did not know of the decree until after his death, although she knew he was living with another woman.

4. INTEREST—*interest not allowed on widow's award.* In a proceeding by a widow to obtain the widow's award set off by the commissioners, interest is not allowable on the award from the date it was set off. (*Stunz* v. *Stunz,* 131 Ill. 210, followed.)

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. CHAS. A. BISHOP, Judge, presiding.

STORY & STORY, for appellant.

A. J. REDMOND, for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This is an action originally brought in the probate court of Cook county by appellee to have the widow's award of $1200, as fixed by the appraisers of the estate of James H. Field, deceased, awarded to her. A cross-petition was filed by appellant, who also asked to be paid the widow's award. The probate court found in favor of appellee. Appellant appealed to the circuit court, where the finding was also in favor of appellee, and from that decree appellant prosecuted a writ of error to the Appellate Court, where the decree of the circuit court was affirmed in all respects except in the allowing of interest on the widow's award from the date of its allowance and set-off. This the Appellate Court held to

be erroneous, and a further appeal is now prosecuted to this court.

It appears from the record that the appellee, Frances C. Field, was lawfully married to James H. Field in August, 1850, in the State of New York. They there lived as man and wife until 1860, when they moved to Chicago. Shortly after moving to Chicago Field purchased a house at 708 Fulton street, and there lived with appellee until about the year 1869, when he left her and refused thereafter to become reconciled or again live with her. Six children were born to them, three of whom were living at the time of his desertion. Field, after abandoning his wife, went to live with a Mrs. Matson, the mother of appellant. In the year 1875 he filed a bill in the superior court of Cook county praying for a divorce, alleging cruelty and desertion. Appellee contested, and upon a hearing the jury found the issues in favor of her and the bill was subsequently dismissed. Field, in December, 1878, filed another petition for divorce in Boone county, Nebraska. In that petition he alleged that he had been a resident of Nebraska for one year; that he was then a resident of Boone county, and made practically the same charges that he had made in the superior court of Cook county. The petition was sworn to by deceased, who filed his affidavit stating that personal service could not be had upon Frances Field in the State of Nebraska. From the record it also appears that notice was given of the taking of depositions "to Frances Field, residence unknown," and other witnesses, all of whom appeared to have resided in Chicago. A decree was entered by the Nebraska court finding Frances Field in default, stating that the court is "satisfied that said defendant has been lawfully served with notice of the pendency of this suit, as provided by statute," and also finding that the allegations of the petition are true, and granting to the petitioner a divorce from appellee, Frances Field, and the custody of the two minor children. Shortly after the entering of this decree, in April, 1879, Field and

appellant went to the State of Iowa and were there married and immediately came back to the city of Chicago, where they continued to live together until his death, which occurred in 1894. Shortly after the death of the deceased appellee filed a petition for letters of administration, which were issued to her, but subsequently, upon the probation of the will, (which, after giving $1000 to Edna, a daughter of the deceased and appellee, gave the balance of the estate to his "beloved wife, Chloe M. Field,") the probate court revoked the letters previously issued to appellee.

The only question to be determined here is as to who was the lawful wife of James H. Field at the time of his death, in 1894, and to decide this point it will only be necessary to determine as to the legality of the proceedings and the validity of the decree for divorce in the State of Nebraska. It appears from the evidence that appellee was living, at the time the decree was obtained, at the same place in Chicago she had always lived since removing to Chicago, and that James H. Field was in constant communication with his daughter, addressing letters to her, pending the proceedings for a divorce. The evidence is conflicting to some extent as to whether or not James H. Field ever actually resided in the State of Nebraska, but after a careful review of the evidence we are satisfied that the same supports the finding and decree entered by the chancellor, wherein it finds "that said James H. Field perpetrated a fraud upon the Nebraska court in A. D. 1878 and 1879, when he secured his decree of divorce from his wife, Frances; that said James H. Field was not, at the time of his divorce suit in Nebraska, a *bona fide* resident of the State of Nebraska, within the requirements of the statutes of said State; that the Nebraska court had no jurisdiction to grant said James H. Field a divorce, and the decree which was so granted is null and void and of no effect, and does not in any manner affect the property rights of the said Frances C. Field in said estate of James H. Field, and that the said petitioner is entitled to the widow's award

heretofore set off by the appraisers in the probate court of said Cook county in said estate."

Appellee denies that she ever had notice of the decree in the State of Nebraska until after the death of Field, (and in this contention she is not contradicted,) but admits that she knew that James H. Field lived at the home of the appellant's mother in Chicago, from the time he deserted her, for several years, and was later living with the appellant for some years prior to and until the time of his death. If the courts in Nebraska did not have jurisdiction of the parties and of the subject matter, then the decree rendered in that State is void. Courts of this State may inquire into the proceedings, judgments and decrees of a court of another State to determine if that court had jurisdiction of the subject matter and of the parties, and there can be no question but that all judgments and decrees rendered by a court without such jurisdiction are void and have no binding effect upon the party aggrieved. There can be no other conclusion reached, in the face of this record, than that Field went to Nebraska for the express purpose of obtaining a divorce from his wife, and that in doing so he concealed his actions from her and practiced fraud upon the court by stating that he did not know her actual place of residence, when, in fact, he did know and was in constant communication with a part of the family. By his actions we have no hesitancy in stating that he was guilty of practicing fraud upon the courts of Nebraska and upon the public in general in obtaining his decree, and that the Nebraska court was without jurisdiction.

It is claimed by appellant that appellee is guilty of *laches* in not bringing proceedings to have the decree set aside sooner, and the case of *Evans* v. *Woodsworth,* 213 Ill. 404, is cited to sustain her position. But in that case the court found that the party aggrieved knew all about the bringing of the suit, knew of the decree, and never undertook to have the decree set aside for several years and until the property in dispute had come into the hands of third parties. No such

condition appears in this record. Appellee could not have been guilty of *laches* until she had notice of the decree. The burden of proof was upon appellant to establish this fact, and she has failed in her attempt.

Appellee filed cross-errors, and insists that the judgment of the Appellate Court in not allowing interest upon the award from the date of its set-off by the commissioners is erroneous. But in this contention we cannot agree with appellee, as the case of *Stunz* v. *Stunz,* 131 Ill. 210, is conclusive upon this question.

Other questions of minor importance are raised by both appellant and appellee, but under the view we take we think the decree of the circuit court is correct, and that it is unnecessary to go into a further discussion of the points raised.

The judgment of the Appellate Court affirming the decree of the circuit court is accordingly affirmed.

*Judgment affirmed.*