(No. 27458.— )
CHARLES C. BROWN, Appellee, *vs.* LAWRENCE F. HALL *et al.*—(SUE DREBLOW HALL, Appellant.)

*Opinion filed January 18, 1944.*

SWAFFIELD, SWAFFIELD & MADDEN, of Long Beach, Calif., and WIRT HERRICK, of Clinton, (ROLAND G. SWAFFIELD, of Long Beach, of counsel,) for appellant.

FRANK K. LEMON, of Clinton, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

Charles C. Brown, claiming title to the real estate involved in this case, filed a suit in the circuit court of De Witt county seeking to remove a cloud upon the title, to construe the provisions of the will of his father, James F. Brown, and for other relief.

The complaint alleges that James F. Brown died testate in 1902, leaving him surviving, Delilah E. Brown, his widow, and his children, Dollie M. Barrick, Allie B. Brown, Mary D. Hall and the appellee, Charles C. Brown; that the widow died in 1904; that Allie B. Brown died a spinster, in 1906, leaving no children surviving her; that Mary D. Hall died in 1933, leaving her son, Lawrence F. Hall, as her only heir-at-law; that Dollie M. Barrick had one child born to her, which died in infancy in 1890; that said Dollie M. Barrick died on January 4, 1940, leaving no husband or child surviving her; that at the time of his decease James F. Brown left a last will and testament, with codicil thereto, which was admitted to probate in the county court of McLean county on June 7, 1902; and

that the first clause of the will in question provided as follows:

"After all my lawful debts are paid and discharged, the residue of my estate, real and personal, I give, devise, bequeath and dispose of as follows: To my beloved wife, Delilah E. Brown, I give, devise and bequeath all and singular my real and personal estate of every kind and description whatsoever, to have and to hold for and during her natural life, at the death of my said wife, or in case she do not survive me, I give, devise and bequeath to my daughter, Dollie M. Barrick, if living at my death, the following described real estate, to-wit: The Northeast Quarter (NE¼) and the Northeast Quarter (NE¼) of the Northwest Quarter (NW¼) of Section Thirteen (13), in Township Twenty-one (21) North, and in Range Two (2) East of the Third Principal Meridian in the County of DeWitt and State of Illinois; and also six and one-half (6½) acres off the East side of the Southeast Quarter (SE¼) of the above described Section, to have and to hold for and during her natural life, and at her death, or if she do not survive me, then to her children, if she leave children surviving her, in equal parts among them, but if she leave no child or children surviving her, then in equal parts among her surviving brothers and sisters."

The identical language used for the first clause of the will was used in the second, third and fourth clauses of the will leaving real estate to the other three children. The complaint further alleges that the plaintiff is the only surviving child of the decedent and that pursuant to the decease of the widow and all of his sisters, the plaintiff became seized in fee simple and entitled to the possession of the premises described in paragraph one of the will; that Lawrence F. Hall claimed title to the premises pursuant to a quitclaim deed made by Dollie M. Barrick, dated November 13, 1935, and also by virtue of being adopted by Dollie M. Barrick in July, 1936, by a decree of the district court of the State of Iowa in and for Boone county, at which time Dollie M. Barrick was 69 years of age and Lawrence F. Hall 34 years of age; that at the time of the said adoption, both Dollie M. Barrick and Lawrence F. Hall resided and were domiciled in the city

of Long Beach, California, where Lawrence F. Hall was an attorney at law; that at the time of the adoption neither Hall nor Dollie M. Barrick were residents of the State of Iowa and, therefore, the adoption proceedings were null and void for lack of jurisdiction over the persons for the purpose of entering an order of adoption; that said adoption proceedings had no force or effect in Illinois to make Hall an heir or child of Dollie M. Barrick, capable of inheriting the premises in question, since in Illinois only minors may be adopted and any law which permits adults to be adopted for the purpose of inheriting property in Illinois is contrary to the public policy of this State; that the intent of the will was to limit the devises to the children of the testator and to their natural children; that although, on June 22, 1938, the defendant Hall mortgaged the premises in question to Sue N. Kibby, no right, title or interest was conveyed and that the mortgage deed was a cloud upon the title. The complaint prayed that the deed from Dollie M. Barrick to Lawrence F. Hall be declared to be a conveyance of the life estate of Dollie M. Barrick, only; that the adoption proceedings be declared null and void and of no force and effect in Illinois, for the purpose of inheritance, and contrary to the public policy of this State, and that Hall acquire no right, title or interest by virtue thereof; that the mortgage deed be adjudged to have no effect as a lien; that the tenancy of the premises be declared at an end as of the date of death of Dollie M. Barrick, and that all of the defendants be adjudged to have no interest in the property.

After answers were filed by Lawrence F. Hall and Sue N. Kibby, the mortgagee, Lawrence F. Hall died and appellee then filed a petition for revivor suggesting the death and substituting the beneficiaries under the will of Hall as additional parties defendant. Sue Dreblow Hall, as executrix of the last will of Lawrence F. Hall, filed her answer alleging that Dollie M. Barrick left surviving her,

Lawrence F. Hall, whom she legally adopted on or about July 1, 1936, in Boone county, Iowa; and that she, as executrix and residuary legatee under the will of Lawrence F. Hall, became seized of the premises subject to the mortgage of Sue N. Kibby in the amount of $5000; that in the proceedings for adoption the district court of the State of Iowa had jurisdiction of the subject matter and the persons and that said proceedings were not contrary to the public policy of the State of Illinois, even though Lawrence F. Hall at the time of his adoption was more than 34 years of age.

The answer further set forth additional defenses; first, that the appellee was estopped from asserting title to the premises through his nonaction and silence, having full knowledge of the rights of Lawrence F. Hall; second, that Hall, if not allowed to inherit as the adopted child of Dollie M. Barrick, was seized of and entitled to an undivided one-half of the real estate under the provisions of the will in that it was intended that the subject of the devise was to go to the children of any of the children of the testator whether or not the latter survived him, and that the descendants of any of the deceased children should share equally *per stirpes* with his own children; third, that Lawrence F. Hall, on the death of Dollie M. Barrick, was vested in fee with an undivided one-half of a 6½-acre tract which was misdescribed in the will of James F. Brown.

In addition to the facts disclosed by the pleadings, the testimony shows that Dollie M. Barrick moved to California about the year 1891, and lived there continuously until her death; that she was quite fond of her nephew, Lawrence F. Hall, and often called him her son and expressed a great amount of affection for him. He was a son of Mary D. Hall, who predeceased Dollie M. Barrick, and the grandson of the testator, James F. Brown. Her intention to adopt him was one of long standing and one which she was quite determined to effectuate. She ex-

pressed her willingness to go to any State of the union in order to adopt Lawrence F. Hall. Neither the laws of the State of California nor the laws of Illinois permitted the adoption of adults. In June of 1936, she, Lawrence F. Hall and another woman, Florence Shoffstall, came east and stopped at Boone, Iowa, where Hall and Dollie M. Barrick consulted an attorney and immediately thereafter rented an apartment for the period of a few months, at which time Dollie M. Barrick expressed her determination to set up a residence in that city. She thereupon left a small suitcase in the apartment and on the same day left with Hall and Florence Shoffstall for Illinois where they did some visiting. The petition for adoption was dated June 26, 1936, and filed in the district court at Boone, Iowa, on June 27, 1936. After a few days Dollie M. Barrick, Lawrence F. Hall and another party, Florence Munson, proceeded back to Boone, Iowa, arriving there on the last day of June, 1936. They stayed overnight, procured the decree of adoption on July 1, 1936, and on the same day proceeded to California. At Boone, Iowa, Dollie M. Barrick hurt her ankle which required treatment at Omaha on the way back to California. There was some evidence that Dollie M. Barrick returned to California so that she could have treatment from doctors familiar with her case. There was further evidence, however, that Dollie M. Barrick, after returning to California, never at any time returned to Iowa. The same address which she had prior to going to Boone, Iowa, for the adoption, continued to be her address in Long Beach, California, after her return and for years thereafter. There was some testimony that she had moved around slightly in Long Beach after her return, but it seems that her address was consistently maintained on the west coast. There was also proof of expressions on her part that she was a resident of Boone, Boone county, Iowa, and that she intended to go back there to vote, having given up her voting rights in California.

The proof also shows that Lawrence F. Hall paid out money for taxes, repairs and improvements made on the premises after he received the deed from Dollie M. Barrick, and that appellee had full knowledge of that fact.

The trial court found that the deed of Dollie M. Barrick to Lawrence F. Hall conveyed only an estate for the life of Dollie M. Barrick and that neither the law of comity nor the full-faith-and-credit clause of the constitution required the State of Illinois to recognize and enforce a judgment or order of the court of Iowa as to the adoption of Lawrence F. Hall; that the adoption order of the Iowa court is against the public policy of the State of Illinois and does not have the force and effect of an adoption within the State of Illinois; that the word "children," used in the will, was intended to mean natural born children and does not include an adopted child of Dollie M. Barrick; that the payments made by Hall for repairs and improvements were made by him as a life tenant and created no liability or obligation for a repayment thereof; that the mortgage deed to Sue N. Kibby ceased to be a lien upon the premises upon the death of Dollie M. Barrick, that the payment of taxes by Hall did not create a lien for repayment thereof and that the language used in the devise to Dollie M. Barrick in her father's will did not show an intention that the real estate should go to her surviving brother and sisters and to the surviving children of any deceased brother or sisters *per stirpes,* and, further, that the description of the 6½-acre tract should be corrected so as to devise 6½ acres of land off the east side of the southeast quarter of the northwest quarter of said section 13 and that none of the defendants should have any interest in the real estate.

While there are other questions raised by the appellant in opposition to the decree entered by the De Witt county circuit court, the main controversy arises over her contention that Lawrence F. Hall was the legally adopted child of Dollie M. Barrick; that under the laws of the States

of Iowa and Illinois, courts are bound to recognize this adoption and give it full faith and credit under the constitution; that, as such adopted child, he was entitled to inherit under the terms of the will of James F. Brown, the same as a natural-born child.

The Iowa Code pertaining to adoption provides that a person of full age may be adopted. In that respect it differs from our statute on adoption, which holds that an adult may not be the subject of adoption in Illinois. It is also a requirement of the Iowa statute that either the adopted child or the adoptive parent must reside in that State, the exact language of the code being, "Any person of lawful age may petition any court of record of the county in which he or the child resides for permission to adopt," etc.

It is the contention of the appellee that the facts in this case show neither Dollie M. Barrick nor Lawrence F. Hall ever established or acquired any residence in the county of Boone or the State of Iowa, and the representation of such residence in the petition for adoption filed by Dollie M. Barrick was a fraud upon the court; that lacking such residence, the court was without jurisdiction of either the subject matter or the parties, and the decree of adoption was without any force or effect.

The appellant advances the argument that since the parties to the adoption proceedings are not objecting, the decree cannot be attacked collaterally and the inquiry is narrowed to jurisdiction of the subject matter. In support of this assertion the appellant relies on the case of *Ashlock* v. *Ashlock*, 360 Ill. 115. In that case, the petition for adoption was filed in the proper county, but the order was held void because the wife of the adoptive parent was not made a party as required by statute. It was stated in that opinion by this court: "Where an order of adoption is invalid owing to the court's want of jurisdiction of either

the subject matter or of the persons, it is subject to collateral attack." In *Bell* v. *Bell*, 181 U. S. 175, 45 L. ed. 804, it was held that a recital of facts necessary to show jurisdiction may be contradicted. If in the present case Dollie M. Barrick was not a resident of and domiciled in the State of Iowa, the district court of Boone county lacked jurisdiction to enter the decree. In *Chamblin* v. *Chamblin*, 362 Ill. 588, this court said: "* * * full faith and credit to be given to the judicial proceedings of another State, does not prevent an inquiry into the jurisdiction of the court which rendered the judgment or decree, either as to the person or the subject matter, notwithstanding a recital therein of the jurisdictional facts." In *Field* v. *Field*, 215 Ill. 496, this court announced: "Courts of this State may inquire into the proceedings, judgments and decrees of a court of another State to determine if that court had jurisdiction of the subject matter and of the parties, and there can be no question but that all judgments and decrees rendered by a court without such jurisdiction are void and have no binding effect upon the party aggrieved."

We cannot find from the facts in this record that Dollie M. Barrick ever became a *bona fide* resident of the city of Boone or of the State of Iowa. She had lived continuously in the State of California for nearly fifty years. She wanted to adopt Lawrence F. Hall so that he could inherit real estate in Illinois under the terms of her father's will. Because of his age she could not adopt him under the laws of California where she resided, or under the laws of Illinois, where the land was located. She discovered that the laws of Iowa permitted the adoption of adults. In company with Lawrence F. Hall, they spent a day in Boone, Iowa, preparing a petition and renting an apartment. After spending the next few days visiting in Illinois, they returned to Boone on the evening of June 30,

1936, where they stopped over night. The next morning they procured the order for adoption in the district court at Boone, and on the same day started back to California, where she lived until her death several years later without ever returning to Iowa. She retained the apartment in Long Beach where she had lived for years, together with all its furnishings, and returned there immediately after the trip to Boone, Iowa. One cannot escape the feeling that she made that trip for the purpose of securing an inheritance for Lawrence F. Hall rather than to establish a permanent residence. "To effect a change of domicile it must be abandoned without any intention to return to it, and a new domicile acquired in another jurisdiction with the intention of making it a permanent home." *Miller* v. *Brinton,* 294 Ill. 177; *Holt* v. *Hendee,* 248 Ill. 288.

In support of their position that full faith and credit must be given the decree of adoption entered in the Iowa court and that the authenticated record from that court is controlling and must be recognized in Illinois, the appellant stresses the holdings in *McNamara* v. *McNamara,* 303 Ill. 191, and in *Williams* v. *North Carolina,* 317 U. S. 287, 87 L. ed. 189. In the *McNamara case* the question of the legality of the adoption had been litigated in the courts of California and finally determined in the Supreme Court of that State. The suit in Illinois was between substantially the same parties, over the same questions passed upon by the California Supreme Court, and this court held that the decision of the highest court of California construing the law of that State was conclusive in the courts of every other State. The *Williams case* is distinguishable from the present case in that the State of North Carolina admitted that the *bona fide* residence in the State of Nevada for more than six weeks was sufficient to require that petitioners be considered "to have been actually domiciled in Nevada." That question of fact was

not challenged. In the present case, the *bona fides* of the residence has been very sharply and successfully contested. It is our opinion that the order of adoption entered by the district court of Boone county, Iowa, was void for want of jurisdiction over the parties for the purpose of entering an order of adoption.

The claim is made that appellee was estopped from claiming title to the property in question because of his nonaction and silence when Lawrence F. Hall was paying the taxes and making repairs and improvements on the property during the time that Hall was owner of the life estate of Dollie M. Barrick as her grantee. In *Chilvers* v. *Race*, 196 Ill. 71, it is stated that improvements made by a life tenant are deemed to have been made for his own benefit and enjoyment and upon termination of the life tenancy pass to the remainderman without liability to recompense the life tenant. Here Hall was a practicing attorney and knew what his rights were under the deed from Mrs. Barrick. Until the death of the life tenant, the appellee had only a contingent remainder and had no right to interfere with Hall's management of the property, except for waste.

We think the claim that, if Lawrence F. Hall did not take the real estate in question by adoption, he took an undivided half of said real estate in fee as a devisee under the will of James F. Brown is without merit. A mere reading of the will demonstrates that the testator did not, by any express or implied language, intend to include the descendants of any deceased brother or sister. The words used were, "but if she leave no child or children surviving her, then in equal parts among her surviving brothers and sisters." In *Burlet* v. *Burlet,* 246 Ill. 563, this court said: "The rule now prevailing, and which we follow, is, that where a gift to survivors is preceded by a life or other prior interest it takes effect in favor of those who survive

the period of distribution, and those only, unless a special contrary intent is found in the will."

The will misdescribed certain property as "six and one-half (6½) acres off the East side of the Southeast Quarter" of section 13, whereas the property owned in fact by the testator, as shown by the deeds that were put in evidence, was "Six and one-half (6½) acres off the East side of the Southeast Quarter (SE ¼) of the Northwest Quarter (NW¼) of said Section Thirteen (13)."

In *Alford* v. *Bennett,* 279 Ill. 375, it was said that it is presumed that a testator intended to dispose of his whole estate, and where it is shown that an erroneous .description is contained in a will and extrinsic evidence shows that such property misdescribed is the only land not otherwise devised, the devise may be sustained by striking out part of the description to make it apply to the real description. We think the proper construction of the will of decedent showed that he did not intend to devise land that he did not own, and that the intent was to devise the 6½ acres he did own, along with the rest of the farm of which the 6½ acres was a part.

Although the appellee joined in a quitclaim deed to Dollie M. Barrick of the 6½-acre tract for and during her natural life, he did not at the time have a vested interest in the premises but only a conditional interest depending upon the survivorship of the life tenant, and the quitclaim deed did not operate to convey title subsequently acquired through the will.

We believe the findings in the decree of the trial court are correct, and the decree is, accordingly, affirmed.

*Decree affirmed.*