(No. 29919.— )
THERESA SHAW, Appellee, vs. ROBERT C. SHAW, Appellant.

*Opinion filed May 22, 1947.*

CHARLES C. and RICHARD M. SPENCER, and C. C. OWNBEY, all of Chicago, for appellant.

VICTOR G. NARDI, of Chicago, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes by direct appeal from a judgment of the superior court of Cook county entered June 24, 1946, for unpaid sums charged to be due under a decree against Robert C. Shaw, appellant.

On June 5, 1945, the superior court, on complaint of Theresa Shaw, appellee, entered a decree for separate maintenance directing appellant to pay appellee's costs and expenses, including attorney's fees, and for her support and maintenance the sum of $22.50 per week, until further order of the court.

On June 13, 1946, appellee filed a petition in the cause seeking judgment for unpaid installments totaling $1147.50. Petitioner recited that she believed appellant moved from

the jurisdiction of the court to North Little Rock, Arkansas. Appellant filed his answer to the petition denying the indebtedness to the appellee. He further alleged that he had moved to Arkansas on medical advice and that he now operated a small farm in that State and that appellee had received certain payments from the Veterans' Administration prior to January 7, 1946, which he prayed be set off against any indebtedness which might result from the decree of separate maintenance. He further alleged that he instituted divorce proceedings against appellee at the October, 1945, term of the chancery court of Pulaski county, Arkansas; that appellee was duly and personally served with summons, employed counsel, entered her appearance, and joined issue in the case, and upon hearing submitted her testimony by deposition. The answer further alleges that the Arkansas court, on January 7, 1946, entered a decree of absolute divorce in favor of appellant, reserving for consideration any property and alimony rights of the appellee, which she may later raise on motion. Appellant's answer further alleges that the appellee submitted to the jurisdiction of the Arkansas court and by the terms of its decree may have her property rights adjudicated in that court at any time, and prays that her petition for judgment be dismissed. Upon these pleadings, the superior court of Cook county, on June 24, 1946, granted the petition of appellee and entered the judgment which is appealed from.

Appellant contends that by such action the trial court has refused to recognize the validity of the Arkansas divorce decree of January 7, 1946, and in so doing has violated section 1 of article IV of the constitution of the United States, which is the "full-faith-and-credit" clause. It is on this ground that appellant seeks to justify a direct appeal to this court.

This court has held, in cases where the determination of the questions involved requires a construction and in-

terpretation of the full-faith-and-credit clause of the Federal constitution upon facts different from those where its effect has been previously considered and construed by the United States Supreme Court, this court will take jurisdiction on a direct appeal. (*Atkins* v. *Atkins,* 386 Ill. 345; *Field* v. *Field,* 215 Ill. 496; *Dunham* v. *Dunham,* 162 Ill. 589.) We are of the opinion, however, that no construction of the full-faith-and-credit clause is presented by the record before us.

Both parties admit the validity of the Arkansas decree of January 7, 1946, and both admit the validity of the separate maintenance decree entered by the superior court on June 5, 1945. It was appellee's contention, and the trial court so held, that the appellant was liable under the separate maintenance decree up until the time the Illinois court, which entered it, received notice of the Arkansas divorce decree at the time of the filing of appellee's petition for judgment. Appellant, on the other hand, admits liability under the separate maintenance decree up to January 7, 1946, and has pleaded certain setoffs to meet such liability. He denies liability after January 7, 1946, because of the Arkansas decree, after which he contends the decree for separate maintenance automatically ceased. The issue thus presented and passed upon by the trial court was not one of giving full faith and credit to the Arkansas decree, but rather when such decree would have the effect of terminating the Illinois decree for separate maintenance. The appeal thus involves only the question whether the court erroneously found liability subsequent to January 7, 1946, and what, if any, setoffs appellant is entitled to have credited. Such issues do not present a question of construction of the Federal constitution such as gives this court jurisdiction on direct appeal. The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*