*In re* ADOPTION OF JERRY LEE WELLER, a/k/a Jerry Lee Lindsay.—(ALEX EUGENE JONES *et al.*, Petitioners-Appellants, *v.* DONALD RICHARD RUBEL *et al.*, Respondents-Appellees.)

Third District   No. 76-348

Opinion filed April 14, 1977.

David Cover, of Kavanagh, Scully, Sudow, White & Frederick, of Peoria, for appellants.

Robert Day, Jr., of Moehle, Reardon, Smith & Day, Ltd., of Peoria, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Peoria County dismissing the second amended petition of Alex Eugene Jones and Rebecca Lee Jones, his wife (hereinafter referred to as the petitioners), on the grounds that the petition alleged facts showing Richard Weller (hereinafter referred to as the respondent) to be the acknowledged parent of the minor Jerry Lee Weller, yet failed to allege that the respondent had consented to the adoption or was an unfit person as defined by the Illinois Adoption Act. The trial court further found that the petitioner Rebecca Lee Jones, mother of the minor sought to be adopted, had accepted child-support payment from the respondent and thereby acknowledged the parentage of the respondent as to Jerry Lee Weller, the minor.

The factual situation which resulted in this appeal commenced when the petitioner Rebecca Lee Jones during the month of December 1972, and while a minor, had sexual intercourse numerous times with Donald

Richard Rubel. As a result of this relationship the petitioner Rebecca became pregnant and gave birth to a son, Jerry Lee, on August 16, 1973. The child was first given as a surname his mother's maiden name and was known as Jerry Lee Lindsay.

Prior to the birth of her son but while pregnant the petitioner Rebecca met the respondent Richard Weller in April 1973 and they had their first date in July or August of that year, shortly before her child was born. On November 22, 1973, the petitioner Rebecca and respondent Richard Weller were married. Sometime subsequent to this marriage the minor child's surname was changed from Lindsay to Weller.

On November 25, 1974, the petitioner Rebecca and the respondent were divorced by a decree of the Circuit Court of Peoria County. In the divorce proceedings the respondent was plaintiff and charged the petitioner Rebecca of having been guilty of extreme and repeated mental cruelty. At the time of the divorce the petitioner Rebecca was still a minor but was represented by a guardian ad litem. It is apparent from the record that in the divorce proceedings the respondent claimed to be the father of the minor child, Jerry Lee Weller, and that the petitioner, the child's natural mother, filed an answer admitting this allegation. A pertinent provision of the decree of divorce provided as follows:

"4. That one child has been born to the parties as a result of said marriage, to wit, Jerry L. Weller, who was born on August 16, 1973, and he is the acknowledged child of the plaintiff, and that both parties hereto are fit and proper persons to have the care, custody, control and education of said minor child."

The decree further provided that the respondent have certain rights of visitation and that he would pay child support in the sum of $20 per week and in addition all necessary medical and dental bills incurred on behalf of the minor child.

Some nine months after being divorced the petitioner Rebecca having married Alex Eugene Jones, both filed a petition for the adoption of the minor child, Jerry Lee Weller. In the petition for adoption it was alleged that Donald Richard Rubel was the natural father of the child but was an unfit person and his consent to the adoption was therefore unnecessary. Service was had on Rubel by publication; however, he failed to answer or in any way enter his appearance in the case. The respondent Richard Weller was made a party to the proceedings and in the petition it was alleged that he had certain custodial rights by virtue of the decree of divorce entered when he divorced the petitioner Rebecca.

The respondent Richard Weller filed both an answer and an affirmative defense to the petition for adoption. In his answer the respondent admitted that the petitioner Rebecca Lee Jones is the mother of the minor child but denied that Donald Richard Rubel was the father of the child. In

his affirmative defense the respondent stated that the birth of the minor child became legitimatized with his marriage to the child's mother and his acknowledgement to the effect that he was the child's father. He further affirmatively stated that both he and the child's mother on February 5, 1974, executed affidavits which averred that he, the respondent, was the father of the child. The respondent in his affirmative defense further alleged that in the divorce proceedings the petitioner Rebecca admitted the allegations of his complaint which stated that a child, Jerry Lee Weller, had been born to the parties and was the acknowledged child of Richard D. Weller.

Further pleadings were filed in the case but we specifically direct our attention to the respondent's answer to interrogatories wherein he admitted that he was not the natural father of the minor, Jerry Lee Weller, and that he did not have intercourse with the child's mother until around October 1973; however, he stated that a father-and-son relationship had developed between him and the child.

The issue presented for determination in this appeal is whether based upon the facts and circumstances as we have set forth from the record, the respondent can be deemed to be the acknowledged father of the minor child who is sought to be adopted and whether the respondent has become vested with the rights of a natural parent to withhold consent to the adoption of a minor child as provided in the Illinois Adoption Act.

When the respondent claims to be the father of the minor child, Jerry Lee, because he acknowledged him as such, we can only surmise that he is attempting to utilize a provision of our Probate Act which relates to the status of "Illegitimates" as far as descent and distribution of property is concerned. Section 12(8) of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 12(8)) provides in part as follows:

" * * * A child who was illegitimate whose parents intermarry and who is acknowledged by the father as the father's child is legitimate."

■■ This provision providing for the legitimization of a child contains three elements, to wit, (1) the parents must intermarry, (2) that the parties who intermarry are the parents of the illegitimate child, and (3) the father acknowledged the illegitimate as his child. (See *Miller v. Pennington* (1905), 218 Ill. 220, 75 N.E. 919, and *In re Estate of Karas* (1974), 21 Ill. App. 3d 564, 315 N.E.2d 603.) In the instant case the respondent has failed to establish the fact that he sired the minor child Jerry Lee. In fact, in response to written interrogatories served upon him the respondent conclusively proved that he could not have fathered the child since he did not have sexual intercourse with the child's mother until October 1973, and the child was born approximately two months prior to this relationship. Claiming fatherhood by virtue of acknowledgement

according to the provisions of our Probate Act is an impossibility in the instant case as far as the respondent is concerned.

Delving into the heart of the respondent's argument, it can be most simply stated that he claims to be the father of the minor child by virtue of the divorce decree which recites that he is such, orders that he make child-support payments, and grants unto him certain visitation rights. The respondent relies on this decree and further contends that the petitioner Rebecca, his former wife, is estopped from attacking the decree. The respondent cites several cases in support of his contention and relies quite strongly on the case of *McDonald v. Neale* (1962), 35 Ill. App. 2d 140, 182 N.E.2d 366, *cert. denied*, 372 U.S. 911, 9 L. Ed. 2d 179, 83 S. Ct. 725 (1963). In *McDonald* the reviewing court stated:

> " * * * The rule of estoppel, founded upon the public policy of protecting the marital status and good character of innocent third persons, the legitimacy of children, and the rights and position of persons whose status has been finalized by decree of divorce, will not permit parties to assert inconsistent legal rights as petitioner has here attempted." (35 Ill. App. 2d 140, 151.)

In the *McDonald* case a wife attempted to set aside a divorce decree and property settlement contained therein 11 years after the decree was entered and after she had remarried. The reviewing court found that the evidence failed to establish such fraud, duress, or mental incapacity as would constitute a basis for setting aside the divorce decree.

We cannot equate the *McDonald* case with the one we are now considering. In this instant case there was fraud. Both parties, the petitioner Rebecca and the respondent, committed fraud upon the court in their divorce action. The respondent misrepresented to the court that he was the father of the minor child. The petitioner Rebecca admitted such an allegation and they both consented to a decree of divorce which contained an explicit finding that the minor child had been born to the parties as the result of their marriage.

We do not deem it to be good public policy to perpetuate a fraud which was instigated by the respondent and consented to by the petitioner, his former wife. The Divorce Act was never intended to be a vehicle for establishing parenthood when none exists. Nor was the Divorce Act intended to supplant the Adoption Act of our State as to provide an optional procedure for the establishment of parentage.

In examining our Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 1 *et seq.*) we find provisions for the care, custody, support and maintenance of the children of the parties to the divorce action; and it is further provided in the Act that no divorce shall, in anywise, affect the legitimacy of the children of *such marriage* except in cases where the marriage shall be decreed void on the grounds of a prior marriage. (See specifically Ill. Rev.

Stat. 1972, ch. 40, par. 4.) This section of the Divorce Act pertains to children of the marriage and in effect provides that they be protected from any action or suit for divorce which would result in said children being illegitimatized. In the instant case the minor child was illegitimate and our Divorce Act is barren of any provisions which could be utilized to cloak the child with the status of legitimacy.

■■ We are cognizant of the rule that a divorce decree procured by fraud cannot be collaterally attacked and the recitals in the decree are conclusive in our courts; however, there are exceptions to the rule and the main one is that where the fraud which gives the court only colorable jurisdiction, renders the decree void and subject to collateral attack. See *In re Estate of Goldberg*, (1937), 288 Ill. App. 203, 5 N.E.2d 863, and *Field v. Field* (1905), 215 Ill. 496, 74 N.E. 443.

We are not asserting that the Circuit Court of Peoria County did not have jurisdiction of the parties in the divorce action between the petitioner Rebecca and the respondent and hence we consider the divorce granted to the parties to be valid; however, as the result of misrepresentations to the court which were of a perjurious nature the court found the respondent to be the parent of the minor child Jerry Lee. Subsequent events have proved that such a finding was an impossibility. We consequently have a finding of parentage in a divorce action based upon fraud in regard to a minor child who is now the subject of an adoption proceedings. Ergo—is this court to countenance and give standing to a finding procured by fraud and thereby compound and continue a wrong. We believe not, for we are vividly reminded of the old cliche that "two wrongs do not make a right." The respondent in this case does not possess the status of being a parent of the minor child.

The respondent raises a further issue to the effect that he is a parent within the meaning of the Adoption Act by virtue of the Act's provision found in section 20a (Ill. Rev. Stat. 1975, ch. 4, par. 9.1-20a), which provides as follows:

> "The best interests and welfare of the person to be adopted shall be of paramount consideration in the construction and interpretation of this Act."

We have no way of knowing the motives of the respondent when he attempted to obtain the status of a parent in the divorce proceedings. His motives may well have been laudable, but laudable or otherwise the term "parent" is defined in the Adoption Act as being the father or mother of a legitimate or illegitimate child. (See Ill. Rev. Stat. 1975, ch. 4, par. 9.1—1.) The respondent is not the natural parent of the minor child since the record clearly establishes that he could not have sired the child. The respondent argues that the term "parents" is not restricted to natural parents and while this point has not been definitively settled by our

courts, it may well be that the defendant's contention is correct. We can well ask the question, "what is the status of adoptive parents under our Adoption Act?" In 61 Ill. B. J. 350 (1973) we find an article entitled *Adoptions after "Stanley"—Rights for Fathers of Illegitimate Children.* In concluding the article the author poses a most interesting question with the following sentence: "Next case—an unwed mother claims she was artificially inseminated, etc.—' Whom do you serve?'" Following this vein of thought see also 1955 U. Ill. L. F. 759; also *Doornbos v. Doornbos* (1956), 12 Ill. App. 2d 473, 139 N.E.2d 845, and the case of *In re Adoption of Anonymous* (1973), 345 N.Y.S. 2d 430, 74 Misc. 2d 99.

From these articles and citations one can only conclude that the law in Illinois is not settled as to how restrictive or how broad the term "parents" is in our Adoption Act. Be that as it may, the respondent does not fall within any of the "classifications of parents" that might foreseeably be embraced within the Adoption Act.

■■ Having concluded that the respondent does not fulfill the requirement of being a "parent" as far as our Adoption Act is concerned, it follows that he is not vested with the right to grant or withhold consent to the petition for adoption of the minor child in the case now before us. The respondent has no standing as a party in the adoption proceedings instituted by the petitioners.

For the reasons set forth the trial court's order dismissing the petitioners' second amended petition for adoption should be reversed and this cause should be remanded for further proceedings consistent with the views set forth in this opinion.

Reversed and remanded with directions.

STENGEL, P. J., and STOUDER, J., concur.